PULASKI COUNTY, Arkansas *v.* CARRIAGE CREEK
PROPERTY OWNERS IMPROVEMENT DISTRICT No. 639

93-1257                                                    888 S.W.2d 652

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Nelwyn Davis*, for appellant.

*Simpson & Graham, P.A.*, by: *Gregory B. Graham* and *Lynda M. Simpson*, for appellee.

DAVID NEWBERN, Justice. The issue in this appeal is whether property acquired and held by an improvement district as the result of foreclosure for failure to pay improvement district assessments is subject to taxation. The Trial Court held that it is not. We affirm the decision.

The appellee, Carriage Creek Property Owners Improvement District No. 639 (the District), foreclosed, in accordance with Ark. Code Ann. § 14-94-122 (Supp. 1993), on 217 lots in the District which were delinquent with respect to District assessments. Lots remained unsold after the attempted sale, and in accordance with § 14-94-122(g)(1), the lots were "bid off" to the District.

The District thus holds title to the lots and requested that the Assessor remove them from the tax roll until they are sold. The Assessor refused to remove the lots, and the District appealed to the County Court. The County Court ruled that the property should remain on the tax rolls but held that subsequent purchasers of the lots, and not the District, would be responsible for the payment of the taxes.

The District appealed to the Circuit Court which reversed the County Court and held that taxes do not accrue on lands held by an improvement district in its governmental capacity. Pulaski County appeals contending, first, that the District lacked standing to appeal to the Circuit Court because the District was not an aggrieved party and, second, that the property does not qualify for the exemption claimed by the District pursuant to Ark. Const. art. 16, § 5(b).

### 1. Standing

The County first argues that the Circuit Court lacked jurisdiction of the dispute because the District was not aggrieved by the ruling of the County Court. That argument was not addressed to the Circuit Court. According to this argument, as the County Court did not order the District to pay the taxes, the District was not aggrieved and had nothing from which to appeal. The County

equates lack of standing with lack of jurisdiction but cites no authority supporting that proposition.

■■ As we stated in *Arkansas State Bd. of Ed.* v. *Magnolia Sch. Dist. No. 14*, 298 Ark. 603, 769 S.W.2d 419 (1989), we are unaware of any authority in this Court holding that lack of standing deprives a court of jurisdiction. *See also State* v. *Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). If the issue were one of jurisdiction of the subject matter, we would address it despite the fact that it was not raised before the Trial Court. As it is not such an issue, we decline to address it for the first time on appeal. *See Truhe* v. *Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994); *City of Hot Springs Ad. & Promotion Comm'n* v. *Cole*, 317 Ark. 269, 878 S.W.2d 371 (1994).

### 2. Exemption

Article 16, § 5(b), of the Constitution provides that "public property used exclusively for public purposes" is exempt from taxation. The County does not question the fact that the property held by the District is "public property." Rather, the dispute is over whether it is being "used exclusively for public purposes."

Although many cases are cited by each party, the discussion must be centered upon two of them. In *School District of Fort Smith* v. *Howe*, 62 Ark. 481, 37 S.W. 717 (1896), a part of the military reservation at Fort Smith was donated by an act of Congress to the city of Fort Smith, to be held in trust for the use of the free public schools. The lots belonged to the school district of Fort Smith. The Court recognized that the land was public property but held it was not exempt from taxation as it was not used for public purposes. It was not used for school grounds, nor was there any intention to build school facilities on the land. The land was purchased and held for sale or rent with the resulting funds going to public purposes.

■ In *Robinson* v. *Indiana & Ark. Lbr. & Mfg. Co.*, 128 Ark. 550, 194 S.W. 870 (1917), an action was instituted against a lumber company to quiet title to certain land. The lumber company's claim to the land depended upon its having paid taxes for more than seven years under color of title. During some of that time the land had been held by the St. Francis Levee District. The Chancellor held in favor of the plaintiff. We reversed, hold-

ing that no taxes had accrued during the time the land was held by the Levee District. We distinguished *Ft. Smith School Dist.* v. *Howe, supra,* and said:

> There is a material difference between the use of property exclusively for public purposes and renting it out and then applying the proceeds arising therefrom to the public use. The property under our Constitution must be actually occupied or made use of for a public purpose and our court has recognized the difference between the actual use of the property and the use of the income.

After pointing out that the Levee District had obtained the lands through a foreclosure for failure to pay the levee taxes due to the Levee District, we said:

> The levee district only held the lands that it acquired at levee tax sale until it was practical to dispose of them again. They were not held for any purpose of gain or as income producing property. When sold, the proceeds took the place of the levee taxes, for the enforcement of which and the expenses incident thereto, they were sold, and in this way we think the lands were directly and immediately used exclusively for public purposes within the meaning of the Constitution, and were not subject to taxation.

The Circuit Court had before it the unrefuted affidavit of one of the District commissioners stating, in part, that "The Lots are currently held by the District in its governmental capacity pending sale of the Lots to recover delinquent taxes and penalties. The District is not leasing the lots or otherwise utilizing the Lots in any proprietary manner."

The Trial Court thus properly reversed the decision of the County Court.

Affirmed.