James Lee SPEIGHTS, Jr.; Reginal Jefferson; and Brett Hovorka, Individually and as Class Representatives *v.* STEWART TITLE GUARANTY COMPANY, INC.; Chicago Title Insurance Company, Inc.; and First American Title Insurance Company, Inc.

04-11                                    186 S.W.3d 715

Supreme Court of Arkansas
Opinion delivered June 17, 2004

[Supplemental Opinion on Denial of Rehearing
September 30, 2004.*]

---

[3] Neither do we reach TF's alternative argument, wherein he contends that IT never validly consented to the adoption.

* THORTON, J., concurs.

*Joe Woodson, Jr.*; *Whetstone Law Firm*, by: *Bud Whetstone*; and *Woodfill & Pressler, LLP*, by: *Herbert T. Schwartz*, for appellants.

*Gill Elrod Ragon Owen & Sherman, P.A.*, by: *Marie-B. Miller*, for appellee Stewart Title Guar. Co.

*Quattlebaum, Grooms, Tull & Burrow, PLLC*, by: *E.B. Chiles IV*; and *Bryan Cave LLP*, by: *Charles A. Newman* and *Kathy A. Wisniewski*, for appellee First American Title Ins. Co.

*Rose Law Firm, a Professional Association*, by: *Garland J. Garrett* and *Michael N. Shannon*, for appellee Chicago Title Ins. Co.

Tom Glaze, Justice. This case requires us to again consider whether a circuit court has jurisdiction to consider and rule on a complaint that raises questions concerning the unauthorized practice of law. We have decided this issue in the case of *American Abstract & Title Co. v. Rice*, 358 Ark. 1, 186 S.W.3d 705 (June 17, 2004), also handed down today, and hold that the trial court in this case committed reversible error when it concluded that it did not have subject-matter jurisdiction to hear the issues raised in this class-action complaint. We also hold that the trial court improperly delved into the subject matter of the appellants' claims in dismissing the complaint.

On August 21, 2002, appellant James Speights and others ("Speights") filed a class-action complaint against Stewart Title Guaranty Company, Chicago Title Insurance Company, and First American Title Insurance Company (hereinafter, the "title companies"). The class action was brought on behalf of Speights and others who had "purchased, sold, or refinanced real property within the State of Arkansas within the [last] five years . . . and who have been assessed and have paid, or had paid on their behalf, title insurance premiums or fees to the defendants or their agents, for the purpose of obtaining a title insurance policy in conjunction

with the settlement or closing of such sale, purchase, or refinancing transaction." Speights's complaint alleged fraud, constructive fraud, breach of fiduciary duty, and violation of the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.* Speights further asserted entitlement to restitution from the title companies based upon a theory of unjust enrichment.

Speights's complaint further alleged that the title insurance companies were conducting title searches that had previously been conducted by licensed attorneys, and were passing the costs of those title searches and opinions along to the title-insurance policy holders — essentially, the complaint alleged, charging the customers a fee for legal services. More specifically, the complaint asserted that, as the defendants required class members to bear costs and expenses for such legal work, they were issuing and charging for a *de facto* legal opinion as to the marketability of the title by: (1) examining the results of the title search for the purpose of determining whether marketable title exists; (2) determining what defects exist with respect to the chain of title; (3) determining how to cure such defects, if any; (4) determining that marketable title will exist upon the completion of certain contingencies; and (5) stating a legal opinion that marketable title does or does not exist. Speights alleged that these practices constituted the unauthorized practice of law.

Chicago Title and First American Title filed a motion to dismiss Speights's complaint, contending first that allegations of unauthorized practice of law could only be determined by the Supreme Court Committee on the Unauthorized Practice of Law ("CUPL"), and that Speights had no private right of action for the unauthorized practice of law. In addition, Chicago Title contended that the Deceptive Trade Practices Act claim, the fraud and constructive fraud claims, and the breach-of-fiduciary-duty claim fell within the unauthorized-practice-of-law claim.

The trial court held a hearing on the title companies' motion to dismiss on August 29, 2003. After that hearing, the trial court issued a letter opinion on September 11, 2003, granting the title companies' motion to dismiss "on jurisdictional grounds." The court noted that it understood Speights's argument that this was not a case based upon the unauthorized practice of law, but was instead a fraud case, an unjust-enrichment case, or a case brought under the ADTPA. Nevertheless, the court concluded, all of those theories were based upon Speights's allegations that the title companies were engaged in the unauthorized practice of law. The

court stated its belief that such a matter should be addressed by the Supreme Court's Committee on the Unauthorized Practice of Law, since that committee has jurisdiction over the threshold issue. Further, the court found the following alternative grounds for dismissal: 1) issuing title insurance does not constitute the unauthorized practice of law; 2) a failure to allege cognizable damages; 3) the acts complained of were exempt under the Deceptive Trade Practices Act; 4) a failure to plead claims for fraud and constructive fraud; 5) a failure to allege facts constituting a breach of fiduciary duty; 6) a failure to state facts to support the claim for unjust enrichment; and 7) the plaintiffs did not have standing to maintain claims against First American. The trial court did not, however, mention or rule on Speights's request that the case be certified as a class action.

In his first point on appeal, Speights argues that the trial court was wrong to conclude that only the CUPL has jurisdiction over the claim that the title companies were engaging in the unauthorized practice of law. In its order, the trial court wrote that it was "of the opinion that [Speights's] amended complaint relates to the 'unauthorized practice of law.' If the [title companies] are not engaged in the unauthorized practice of law, then [Speights has] no claims." Further, the court stated that the CUPL is the "only entity authorized to file civil proceedings related to the unauthorized practice of law," and there is "no private cause of action for the unauthorized practice of law."

■■ As noted above, we addressed this precise issue in the *American Abstract* case, which is also handed down today. In that case, we hold that the CUPL does not have exclusive jurisdiction over matters such as this one. In particular, we note that the rules of this court creating the Committee make it plain that, while the Committee is vested with the authority to investigate claims relating to the unauthorized practice of law, nevertheless, the CUPL itself has no power to enforce whatever decision it may reach regarding any given investigation. In addition, we point out in *American Abstract* that any remedial action the Committee might take is purely discretionary, rather than mandatory. If the Committee has no ability or authority to enforce its own rules, then it clearly cannot be vested with *exclusive* jurisdiction to consider allegations that a person or entity has engaged in the unauthorized practice of law. At most, the CUPL, which has lesser power to enforce its rules, merely shares jurisdiction in these matters. As a result, the trial court here erred in dismissing Speights's complaint

on the grounds that the court lacked subject-matter jurisdiction. The CUPL most certainly cannot be said to have *exclusive* jurisdiction in these matters.

We turn then to Speights's remaining arguments on appeal, wherein he addresses each of the trial court's seven alternative grounds for dismissing Speights's complaint. However, we do not reach or consider the merits of these arguments, because we hold that the trial court committed reversible error when it failed to rule on Speights's request for class certification.

■ As previously mentioned, Speights filed this lawsuit as a class action, seeking certification of a class of all those who had purchased title insurance in Arkansas within the last five years. Under Ark. R. Civ. P. 23(b), "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Further, this court has repeatedly held that, in cases involving the certification of class actions, neither we nor the trial court may delve into the merits of the underlying claim in determining whether the elements of Rule 23 have been satisfied. *Advance America Cash Advance Centers of Ark. v. Garrett*, 344 Ark. 75, 40 S.W.3d 239 (2001); *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999). On this issue, this court has stated that "a trial court *may not consider* whether the plaintiffs will ultimately prevail, *or even whether they have a cause of action.*" *Fraley*, 339 Ark. at 335 (emphasis added). The *Fraley* court reversed the trial court's denial of class certification, holding that the judge had delved into the merits of the underlying complaint in order to determine whether the defendants had affirmative defenses to the allegations raised by the plaintiffs.

■ In *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974), the Supreme Court forbade any inquiry into the merits of the class action before a class had been certified and the class members had been notified.[1] On this issue, the Court wrote as follows:

> We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the

---

[1] Although the *Eisen* case involved the federal counterpart of Rule 23, that rule states, as does Ark. R. Civ. P. 23, that a determination on whether an action should be maintained as a class action is to be made by the court "as soon as practicable after the commencement of an action brought as a class action." *See* Fed. R. Civ. P. 23(c)(1).

merits of a suit in order to determine whether it may be maintained as a class action. Indeed, such a procedure contravenes the Rule by allowing a representative plaintiff to secure the benefits of a class action without first satisfying the requirements for it. He is thereby allowed to obtain a determination on the merits of the claims advanced on behalf of the class without any assurance that a class action may be maintained. This procedure is directly contrary to the command of subdivision (c)(1) that the court determine whether a suit denominated a class action may be maintained as such as soon as practicable after the commencement of the action.

*Eisen*, 417 U.S. at 177-78. The Court further emphasized that the purpose of notice was to ensure that the judgment, whether favorable or not, would bind all members of the class who did not request exclusion from the suit. *Id.* We agree with the Supreme Court's rationale set out in *Eisen* and conclude that the trial court in the case here erred when it undertook to adjudicate the merits of the class action before determining its appropriateness as a class action and before determining the composition of the class. *See also Home Savings & Loan Ass'n v. Superior Court of Los Angeles County*, 42 Cal. App. 3d 1006, 117 Cal. Rptr. 485 (1974); Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 13.53, at 461-62 (4th ed. 2002). We therefore hold that the trial court erred both in determining that it lacked subject-matter jurisdiction to hear the complaint, and in delving into the merits of Speights's complaint.

Reversed and remanded.

THORNTON, J., dissents.

R AY THORNTON, Justice, dissenting. For the reasons articulated in my dissent in *American Abstract & Title Co. v. Rice*, 358 Ark. 1, 186 S.W.3d 705 (2004), I respectfully dissent. Specifically, I would affirm the trial court's order in which it concluded that it lacked subject-matter jurisdiction to consider issues stemming from an allegation of the unauthorized practice of law. Because such issues must be considered by our Committee on the Unauthorized Practice of Law, I would conclude that the trial court properly granted appellees' motion to dismiss.

I respectfully dissent.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
### SEPTEMBER 30, 2004

*Joe Woodson, Jr.*; *Whetstone Law Firm* by: *Bud Whetstone*, and *Herbert T. Schwartz*, for appellant.

*Gill, Elrod, Ragon, Owen & Sherman, P.A.*, by: *Marie B. Miller*, for appellee Stewart Title Guaranty Company, Inc.

*Quattlebaum, Grooms, Tull & Burrow*, P.L.L.C., by: *E.B. Chiles, IV*; and *Bryan Cave L.L.P.* by: *Charles A. Newman* and *Kathy A. Wisniewski*, for appellee First American Title Insurance Company, Inc.

*Rose Law Firm*, by: *Garland J. Garrett* and *Michael N. Shannon* for appellee Chicago Title Insurance Company, Inc.

Pᴇʀ Cᴜʀɪᴀᴍ. ■ By petition for rehearing, Appellees Stewart Title Guaranty Company, Inc, Chicago Title Insurance Company, Inc., and First American Title Insurance Company, Inc. ask us to clarify our opinion in *Speights v. Stewart Title Guaranty Co*, 358 Ark. 59, 186 S.W.3d 715 (2004). The appeal in *Speights* arose after the trial court granted the appellees' motion to dismiss for lack of subject matter jurisdiction and for failure to state a

claim. The trial court committed reversible error when it held that the Committee on the Unauthorized Practice of Law (CUPL) had exclusive subject matter jurisdiction over the unauthorized-practice-of- law claims stated in the appellants' complaint. *American Abstract & Title Company v. Rice,* 358 Ark. 1, 186 S.W.3d 705 (2004). We now write to clarify that motions to dismiss for failure to state a claim under Ark. R. Civ. P. 12(b)(6) may be resolved by a trial court prior to class certification.

Following the reasoning in the Supreme Court's holding in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 177-78 (1974), this court has previously held that a trial court may not delve into the merits of the case in determining if the elements of Rule 23 of the Arkansas Rules of Civil Procedure have been satisfied. *Fraley v. Williams Ford Tractor & Equip. Co.,* 339 Ark. 322, 335, 5 S.W.3d 423, 431 (1999). In our original *Speights* opinion, we held that a court may not delve into the merits at any time in an Ark. R. Civ. P. 12(b)(6) motion prior to class certification.

■■ This appeal arises out of the trial court's improper resolution of the Rule 12(b)(6) motion. Dismissal of a complaint under a Rule 12(b)(6) motion is only proper where the complaint fails to allege specific facts upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). It is improper for the trial court to look beyond the complaint in order to decide the motion to dismiss. *Guthrie v. Tyson,* 285 Ark. 95, 96, 685 S.W.2d 164, 165 (Ark. 1985). When reviewing the complaint for purposes of a Rule 12(b)(6) motion, the court must treat the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party. *Clayborn v. Bankers Standard Ins. Co.,* 348 Ark. 557, 561, 75 S.W.3d 174, 176 (2004).

As a proper resolution of a Rule 12(b)(6) motion does not involve a trial court's consideration of the merits of a case, nothing in this opinion should be read to limit the use of such motions prior to class certification. Consideration of Rule 12(b)(6) motions before certification promotes efficiency and judicial economy by allowing for quick and early disposal of cases where the plaintiff has failed to state a claim upon which relief may be granted. *James Wm. Moore Et Al., Manual For Complex Litigation* § 21.133 (4th ed. 2004). Moreover, as a precertification Rule 12(b)(6) dismissal is only binding on the named parties and does not reflect a determination on the merits, these dismissals are less likely to unfairly prejudice either the unnamed members of the potential class or the defendants to the action. Because the resolution of Rule 12(b)(6)

motions promotes the administration of justice and will not unfairly prejudice any of the parties to the action, we hold such actions to be appropriate prior to class certification.

In the present case, the trial court listed seven alternative grounds under Rule 12(b)(6) for dismissal of the appellants' amended complaint. We conclude that the alternative grounds for dismissal were based on the trial court's improper weighing of the merits of the appellants' claims.

Petition for rehearing denied.

THORNTON, J., concurs.