2010 Ark. 116

**FOREMOST INSURANCE COMPANY, Foremost Property and Casualty Insurance Company, Petitioners,**

v.

**MILLER COUNTY CIRCUIT COURT, THIRD DIVISION, Respondent.**

No. 09–587.

Supreme Court of Arkansas.

March 11, 2010.

806

Norton & Wood, L.L.P., by: Marshall Wood, J. Dennis Chambers, Texarkana, Jackson Walker, L.L.P., by: Richard E. Griffin and Thomas T. Rogers, Houston, and Williams & Anderson PLC, by: Jess Askew III, Little Rock, for petitioners.

Stephen Engstrom, Shirley Jones, Little Rock, John C. Goodson, Matt Keil, C. Cary Patterson, Brady Paddock, Texarkana, for respondent.

DONALD L. CORBIN, Justice.

Petitioners, Foremost Insurance Company and Foremost Property and Casualty Insurance Company (Foremost), seek a writ of prohibition ordering the Miller County Circuit Court to dismiss the claims alleged against Foremost in a proposed nationwide class action against numerous insurance companies, *Evelyn Chivers et al. v. State Farm Fire & Casualty Co. et al.,* No. CV–2004–294–3. As this is a petition for a writ of prohibition, jurisdiction is properly in this court pursuant to Ark. Sup.Ct. R. 1–2(a)(3) (2009). We conclude that prohibition is not warranted in this case, and therefore deny Foremost's petition for writ of prohibition. On this same day, we also deny the petition for writ of prohibition or certiorari filed in the companion case of *Chubb Lloyds Insurance Co. v. Miller County Circuit Court,* 2010 Ark. 119, 361 S.W.3d 809.

This case began on September 8, 2004, when the plaintiffs filed suit on behalf of a proposed nationwide class against Foremost and numerous other insurance companies. In their third amended com-

plaint, the named plaintiffs, who are or were at one time insureds of the defendants, alleged that the defendant insurance companies improperly profited by wrongfully underpaying certain claims. Specifically, the plaintiffs alleged that the defendants failed to pay the profit and overhead of general contractors whom the plaintiffs hired in connection with loss or damage to real property insured by the defendants. The plaintiffs claimed that the defendants conspired to perpetuate an environment wherein insurance customers were deceived about their insurance policies' coverage of these costs. The plaintiffs asserted that, as a result of the alleged conspiracy, fraudulent concealment, fraud, and constructive fraud, the defendants were unjustly enriched.

Beginning on November 15, 2004, Foremost filed a series of motions to dismiss all claims against it pursuant to Rules 8(a), 9(b), 10(d), 12(b)(1), and 12(b)(6) of the Arkansas Rules of Civil Procedure. Foremost asserted in the motions that the claims of Daniel Joe Sherrouse, the only plaintiff with whom Foremost had a contractual relationship, had been removed to and then dismissed by the United States Bankruptcy Court for the Western District of Arkansas. The bankruptcy court's dismissal was granted based on Mr. Sherrouse's death on July 19, 2008. Foremost gave notice of Mr. Sherrouse's death to the circuit court on August 1, 2008, but there was never any substitution of parties made in accordance with Ark. R. Civ. P. 25. Thus, based in part on the death of Mr. Sherrouse, Foremost argued in its motions to dismiss that the remaining plaintiffs lacked standing to bring suit against Foremost, that no claim existed upon which relief could be granted, and that the circuit court was without jurisdiction as to the plaintiffs' claims against Foremost because there was no justiciable matter.

The plaintiffs, in turn, responded that ruling on Foremost's motions to dismiss would require the circuit court to impermissibly delve into the merits of the plaintiffs' claims before class certification. In addition, the plaintiffs argued below that Foremost need not have directly insured any of the plaintiffs in order for Foremost to be guilty of conspiring with the other defendants to defraud insurance customers.

In an order entered on April 28, 2009, the circuit court deferred ruling on Foremost's Rule 12(b)(1) motion to dismiss for lack of jurisdiction until after resolution of the plaintiffs' motion for class certification. The circuit court reasoned in its order that standing is not a jurisdictional issue according to *Populist Party of Arkansas v. Chesterfield*, 359 Ark. 58, 195 S.W.3d 354 (2004), and that determining whether the plaintiffs lacked standing on the claims for conspiracy, fraud, constructive fraud, and unjust enrichment would involve delving into the merits of the case, which the court stated it could not do, according to *Speights v. Stewart Title Guaranty Co.*, 358 Ark. 59, 186 S.W.3d 715 (2004), until it first addressed the issue of class certification.

Following the entry of this April 28, 2009 order, Foremost filed its petition for writ of prohibition in this court on May 28, 2009. The plaintiffs responded in this court.[1] We now proceed to addressing

---

1. Along with its petition for writ of prohibition, Foremost also filed a request for a stay of proceedings in the lower court, which this court denied by letter order dated June 25, 2009. Consequently, the circuit court held a hearing on June 30, 2009, in which it heard argument as to the motions to dismiss and as to class certification. The circuit court has not yet ruled on any of these pending motions. This court ordered rebriefing and a supplemental record in this case on December 17, 2009. *Foremost Ins. Co. v. Miller*

the merits of the petition for writ of prohibition.

As the first point in support of its petition for writ of prohibition, Foremost asserts that section 6(A) of amendment 80 to the Arkansas Constitution grants circuit courts jurisdiction over only "justiciable matters," and that following the removal of Mr. Sherrouse's claims to bankruptcy court and the dismissal of those claims due to his death, there remains no plaintiff who has an insurance contract with Foremost who can assert a justiciable matter against it in the circuit court. Foremost asserts further that the complaint's conspiracy allegations are conclusory and insufficient to confer standing. Foremost's argument concludes with the assertion that, there being no plaintiff with standing, there is no justiciable matter asserted against Foremost, and the circuit court is therefore without jurisdiction or constitutional power to act against Foremost.

■ For the reasons set forth in detail in *Chubb Lloyds*, 2010 Ark. 119, 361 S.W.3d 809, we conclude that Foremost's argument is without merit. Suffice it to say here that historically this court has not considered standing to be a question of subject-matter jurisdiction, and amendment 80 did not change that. *Id.* Foremost has not shown that the circuit court was wholly without subject-matter jurisdiction, and the petition for writ of prohibition is therefore not appropriate. *See id.*

■ In addition to its first point concerning justiciable matters, Foremost raises a second and third point in support of its petition for writ of prohibition. Foremost's second point is that "the circuit court is required to make a determination of its power to act against the Foremost Defendants before it may certify a class against them." Here, Foremost again contends that the circuit court is without original jurisdiction of this case, but adds the additional contention that such lack of jurisdiction is apparent on the face of the record, thus the circuit court erred in concluding Foremost's jurisdictional argument required a delving into the merits prior to determining class certification. To be clear, this court has acknowledged that in some cases it is permissible for a circuit court to rule on a Rule 12(b)(6) motion to dismiss for failure to state facts upon which relief can be granted prior to class certification. *See Speights*, 358 Ark. at 65-A, 186 S.W.3d at 715 (supplemental opinion on denial of reh'g). However, while such a determination is permissible in some cases depending upon the facts, it is not required in all cases. *See id.* Moreover, we have already concluded that the circuit court has jurisdiction of this case. This argument is therefore based on a premise we have already rejected.

■ As its third and final point in support of its petition, Foremost contends that the circuit court's refusal to first determine its "power to act" in this case deprives Foremost of due process under both the Arkansas and United States Constitutions. Foremost cites authority for general due-process law, but cites no authority whatsoever to support the proposition that a writ of prohibition will lie as an appropriate remedy for an alleged due-process violation. We need not address this argument any further as this court

---

Cnty. Cir. Ct., 2009 Ark. 636, 2009 WL 4877472 (per curiam). Foremost had failed to include in its addendum the five motions to dismiss, as well as other essential pleadings such as the third amended complaint, the suggestion of death, and the removal to bankruptcy court. In addition, Foremost had failed to include in the record a transcript of the hearing held on June 30, 2009. The missing items have been supplied by way of substituted briefs and a supplemental record.

does not consider an argument, even a constitutional one, when there is no citation to authority or convincing argument in its support, and it is not apparent without further research that the argument is well taken. *Davis v. State,* 2009 Ark. 478, 348 S.W.3d 553.

In conclusion, Foremost has failed to demonstrate that the circuit court is acting wholly without jurisdiction, and the petition for writ of prohibition is therefore denied. We note that Foremost has an appellate remedy for any error that may occur in the suit below. *See Nat'l Sec. Fire & Cas. Co. v. Poskey,* 309 Ark. 206, 828 S.W.2d 836 (1992); *see also Springdale Sch. Dist. v. Jameson,* 274 Ark. 78, 621 S.W.2d 860 (1981).

Writ denied.

SHEFFIELD, J., not participating.