2010 Ark. 119

**CHUBB LLOYDS INSURANCE COMPANY, Chubb Indemnity Insurance Company, Chubb Custom Insurance Company, and Chubb National Insurance Company, Petitioners,**

v.

**MILLER COUNTY CIRCUIT COURT, THIRD DIVISION, The Honorable Kirk Johnson, Circuit Judge Presiding, Respondent.**

No. 09–553.

Supreme Court of Arkansas.

March 11, 2010.

Jackson Walker L.L.P., by: David T. Moran and Christopher A. Thompson, and Law Office of Amy Freedman, by: Amy Freedman, for petitioners.

Wilson, Engstrom, Corum & Coulter, Little Rock, by: Stephen Engstrom and Shirley Jones, Keil & Goodson, by: John C. Goodson and Matt Keil, Nix, Patterson & Roach, L.L.P., by: C. Cary Patterson and Brady Paddock, and Whitten, Nelson, McGuire, Terry & Roselius, by: Jason E. Roselius, for respondent.

ELANA CUNNINGHAM WILLS, Justice.

Chubb Lloyds Insurance Company of Texas, Chubb Indemnity Company, Chubb Custom Insurance Company, and Chubb National Insurance Company (Chubb) petition this court to issue a writ of prohibition to prevent the Miller County Circuit Court from exercising jurisdiction in a case styled *Evelyn Chivers v. State Farm Fire, et al.,* No. 04–294–3. Alternatively, Chubb petitions the court to issue a writ of certiorari. The class-action complaint filed by Evelyn Chivers and other plaintiffs (Chivers) alleges that several groups of insurance companies, including Chubb, engaged in a conspiracy resulting in fraud, constructive fraud, and unjust enrichment, based on the companies' failure to disclose or pay "general contractors' profit and overhead" in connection with certain insurance claims. Chubb contends that Chivers lacks standing and, therefore, the Miller County Circuit Court lacks subject-matter jurisdiction of the action.[1] Specifically, Chubb presents an issue of first impression for this court in its assertion that amendment 80, § 6(A) to the Arkansas Constitution limits the jurisdiction of circuit courts to "justiciable" matters, and that an action is not justiciable if there is a lack of standing.

This petition follows an order issued by the circuit court on April 28, 2009, deferring Chubb's motion to dismiss the plaintiffs' complaint under Ark. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Chubb filed its motion to dismiss following the voluntary dismissal of the only named plaintiff who had an insurance policy with Chubb, or had been a customer of Chubb. In its motion to dismiss, Chubb asserted that the circuit court lacked subject-matter jurisdiction following the dismissal of the "sole alleged insured of the

---

1. In addition to the group of Chubb entities represented in this petition, the other defendants in the underlying action include groups of Farmer's, Foremost, and State Farm insurance companies. We deny a similar petition in a companion case, *Foremost Insurance Co. v. Miller County Circuit Court,* 2010 Ark. 116, 361 S.W.3d 805, handed down this same day.

Chubb Defendants." Chivers filed an "Objection to Chubb's Motion to Dismiss Plaintiff's Third Amended Class Complaint for Lack of Subject Matter Jurisdiction," requesting that the circuit court defer or deny the motion to dismiss as premature pending class certification. In its April 28, 2009 order, the circuit court determined that Arkansas law establishes that an assertion of a party's lack of standing is a defense, not a jurisdictional issue. The circuit court further found that a review of the issue of the plaintiffs' standing would require consideration of the merits of their claims, and that it could not "engage in [a] merits determination prior to class certification." Accordingly, the circuit court granted Chivers's motion to defer Chubb's motion to dismiss the action. This petition followed.

Asserting that a "writ of prohibition or certiorari is proper relief for this extraordinary situation," Chubb contends that "amendment 80 to the [Arkansas] Constitution changed the Arkansas law of subject-matter jurisdiction to require that a plaintiff [must] have standing." Chubb specifically cites a section of amendment 80 providing that, "Circuit courts are established as the trial courts of all justiciable matters not otherwise assigned pursuant to this Constitution." Ark. Const. amend. 80, § 6(A). Chubb argues that standing is a "justiciable element" under Amendment 80, and, therefore, the circuit court lacks subject-matter jurisdiction over Chubb due to the voluntary dismissal of the sole named plaintiff who had a Chubb insurance policy or had been a customer of Chubb in the putative class-action suit. Chubb also contends that the complaint's conspiracy allegations are not sufficient to confer standing, and that because the circuit court is wholly without jurisdiction, relief in the form of a writ of prohibition or certiorari is the only adequate remedy.

This court discussed the standard of review for a writ of prohibition in *Ulmer v. Circuit Court of Polk County,* 366 Ark. 212, 215–16, 234 S.W.3d 290, 293–94 (2006), stating as follows:

> It is well settled that a writ of prohibition is an extraordinary writ that is only appropriate when the lower court is wholly without jurisdiction. *Ouachita R.R., Inc. v. Circuit Court of Union County,* 361 Ark. 333, 206 S.W.3d 811 (2005); *Monroe Auto Equip. Co. v. Partlow,* 311 Ark. 633, 846 S.W.2d 637 (1993). Jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. *Conner v. Simes,* 355 Ark. 422, 139 S.W.3d 476 (2003); *State v. Circuit Court of Lincoln County,* 336 Ark. 122, 984 S.W.2d 412 (1999). In Conner, we thoroughly explained our standard of review for a writ of prohibition and stated:

>> The writ is appropriate only when there is no other remedy, such as an appeal, available. Prohibition is a proper remedy when the jurisdiction of the trial court depends upon a legal rather than a factual question. This court confines its review to the pleadings in the case. Moreover, prohibition is never issued to prohibit a trial court from erroneously exercising its jurisdiction. Additionally, a writ of prohibition is not the appropriate remedy for the denial of a motion to dismiss.

355 Ark. at 425–426, 139 S.W.3d at 478 (citations omitted). Moreover, "writs of prohibition are prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance. They should issue only in cases of extreme necessity." *Monroe Auto Equip. Co.,* 311 Ark. at 636, 846 S.W.2d at 639 (citation omitted).

■ "Only a claimant who has a personal stake in the outcome of a controversy has standing." *Pulaski Cnty. v. Ark. Democrat–Gazette, Inc.*, 371 Ark. 217, 220, 264 S.W.3d 465, 467 (2007). Historically, this court has never treated standing as a matter of subject-matter jurisdiction—regardless of whether the cases were decided before or after amendment 80.

For example, in *National Security Fire & Casualty Co. v. Poskey*, 309 Ark. 206, 828 S.W.2d 836 (1992), this court addressed a petition for a writ of prohibition after the trial court denied a motion to dismiss based on a lack of standing, subject-matter jurisdiction, and failure to state a claim upon which relief could be granted. We denied the petition and explained that

> [o]rdinarily, a petition for a writ of prohibition is not the proper remedy for the failure of a trial court to grant a motion to dismiss. A writ of prohibition is an extraordinary writ and is only granted when the lower court is wholly without jurisdiction, there are no disputed facts, there is no adequate remedy otherwise, and the writ is clearly warranted. There is no doubt that a circuit court has proper subject matter jurisdiction to hear a declaratory judgment action concerning insurance coverage. The propriety of hearing such a case, especially when it appears that no cause of action exists or that not all the parties to the insurance contract have been made parties to the suit, is a distinctly different issue and one that is not addressed by a writ of prohibition, for the writ is issued only to prevent a court from exceeding its jurisdiction, rather than to prevent it from erroneously exercising its jurisdiction.

*Poskey*, 309 Ark. at 207, 828 S.W.2d at 837–38 (citations omitted).

Similarly, in *Pulaski County v. Carriage Creek Property Owners Improvement District No. 639*, 319 Ark. 12, 888 S.W.2d 652 (1994), the appellant argued for the first time on appeal that the circuit court lacked subject-matter jurisdiction because the appellee did not have standing. Noting that the appellant "equates lack of standing with lack of jurisdiction but cites no authority supporting that position," this court refused to address the question, holding as follows:

> As we stated in *Arkansas State Bd. of Educ. v. Magnolia Sch. Dist. No. 14*, 298 Ark. 603, 769 S.W.2d 419 (1989), we are unaware of any authority in this Court holding that lack of standing deprives a court of jurisdiction. *See also State v. Houpt*, 302 Ark. 188, 788 S.W.2d 239 (1990). If the issue were one of jurisdiction of the subject matter, we would address it despite the fact that it was not raised before the Trial Court. As it is not such an issue, we decline to address it for the first time on appeal. See *Truhe v. Grimes*, 318 Ark. 117, 884 S.W.2d 255 (1994); *City of Hot Springs Ad. & Promotion Comm'n v. Cole*, 317 Ark. 269, 878 S.W.2d 371 (1994).

*Pulaski Cnty. v. Carriage Creek Prop. Owners Improvement Dist. No. 639*, 319 Ark. at 14, 888 S.W.2d at 653; *see also Ark. Game & Fish Comm'n v. Murders*, 327 Ark. 426, 428, 938 S.W.2d 854, 855, n. 1 (1997) (refusing to address a challenge to subject-matter jurisdiction based on a lack of standing that was raised for the first time on appeal, because a "lack of standing does not deprive a court of jurisdiction," citing *Carriage Creek, supra*).

■ Post-amendment 80 decisions reflect this same principle; a lack of standing does not deprive a circuit court of subject-matter jurisdiction. In *Ulmer, supra*, the petitioners sought a writ of prohibition, arguing that because the plaintiff

had not completed the requirements for appointment as a special administratrix prior to filing suit, she "did not have standing or authority to sue at the time the complaint was filed and, therefore, the circuit court lacked subject-matter jurisdiction." *Id.* at 214, 234 S.W.3d at 293. We rejected the petitioners' argument as "fatally flawed," stating that

> [a] circuit court, clearly, has jurisdiction over wrongful-death and medical-malpractice claims. *Conner,* 355 Ark. 422, 139 S.W.3d 476. Consequently, there is no doubt the Polk County Circuit Court has subject-matter jurisdiction to hear this case. This is the same type of issue addressed by this court in *Conner* and, as such, *Conner* is controlling. Specifically,
>
>> [t]he propriety of the circuit court hearing such a case, even when it appears that no cause of action exists, is an issue that is not properly addressed by a writ of prohibition because the writ does not prevent the court from erroneously exercising its jurisdiction. Any other view would permit the writ of prohibition to be used not to test the issue of jurisdiction but to test the sufficiency of a complaint filed in a court having jurisdiction both of the subject matter and the person.

*Id.* at 427–428, 139 S.W.3d at 479. As such, the writ of prohibition must be and is denied. As we have repeatedly stated, we will not grant a writ where the trial court may be exercising its jurisdiction erroneously but only when the circuit court is entirely without jurisdiction. *See Ouachita R.R., Inc.,* 361 Ark. 333, 206 S.W.3d 811; *Conner,* 355 Ark. 422, 139 S.W.3d 476. Thus, it would be improper to grant the writ and this court will not act to override the circuit court's jurisdiction.

*Ulmer,* 366 Ark. at 216–17, 234 S.W.3d at 294. Likewise, in *Populist Party of Arkansas v. Chesterfield,* 359 Ark. 58, 195 S.W.3d 354 (2004), this court refused to equate an asserted lack of standing with an absence of subject-matter jurisdiction, holding that the issue of standing was waived without a proper objection below. See Ark. R. Civ. P. 12(h)(3) (2009) (The "defense of lack of jurisdiction over the subject matter is never waived and may be raised at any time."); *see also Ark. State Univ. v. Prof'l Credit Mgmt., Inc.,* 2009 Ark. 153, 299 S.W.3d 535, 536 ("Because jurisdiction is the power or authority of a court to hear a case on its merits, lack of subject-matter jurisdiction is an issue that the parties may raise for the first time on appeal and that this court is obligated to raise on its own even when the parties do not.").

The post–amendment–80 Arkansas cases that Chubb relies upon to assert that standing is an issue of subject-matter jurisdiction are distinguishable. *Giles v. Harrington, Miller, Neihouse & Krug,* 362 Ark. 338, 208 S.W.3d 197 (2005), an action for legal malpractice under Ark.Code Ann. § 16–22–310, did not involve an assertion that the circuit court lacked subject-matter jurisdiction under Rule 12(b)(1) due to a lack of standing. Instead, the appeal originated with the trial court's order granting the appellees' motion for summary judgment, which asserted, among other things, that "[n]o trustee had 'privity' with any Defendant, and by law, privity is an essential element of standing to assert Plaintiffs' claims." *Giles,* 362 Ark. at 345, 208 S.W.3d at 201. The *Giles* court noted previous decisions in which this court "has stated that the plain language of § 16–22–310 requires the plaintiff to have direct privity of contract with the person, partnership, or corporation he or she is suing for legal malpractice," *id.* at 347, 208 S.W.3d at 203, and affirmed the grant of

summary judgment, stating that, "*We hold that no privity of contract existed between the Trusts and the Appellees and affirm the trial court.*" *Id.* at 346, 208 S.W.3d at 202 (emphasis added). Despite the specific basis of the court's holding in *Giles,* Chubb quotes and places emphasis on the following statement in the ₉opinion:

> There was no correspondence presented to the trial court relating to the sale of the land in which Appellees addressed the Trusts. Therefore, the Trusts are without standing to bring suit, and the trial court was without jurisdiction to hear the case.

*Id.* at 348–49, 208 S.W.3d at 204. That statement, however, was dicta and was not reflected in our disposition of the case—an affirmance of the trial court's grant of summary judgment based on the absence of a statutory prerequisite under § 16–22–310, rather than a dismissal for lack of subject-matter jurisdiction.

Our decision in *Hames v. Cravens,* 332 Ark. 437, 966 S.W.2d 244 (1998), is also distinguishable. In *Hames,* this court held that "the trial court properly dismissed the appellants' complaint for lack of subject-matter jurisdiction." *Hames,* 332 Ark. at 444–45, 966 S.W.2d at 248. *Hames,* however, involved a shareholder's-derivative suit that had been filed in circuit court and "in Arkansas, a shareholder's-derivative suit is an equity action maintainable in the chancery court." *Id.* at 441, 966 S.W.2d at 246. Thus, the lack of subject-matter jurisdiction in *Hames* was based not upon a lack of standing, but upon the fact that the action was filed in the wrong court. *See also Conner,* 355 Ark. at 426–27, 139 S.W.3d at 478–79 (rejecting the petitioner's reliance on *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002) and *Ramirez v. White County Circuit Court,* 343 Ark. 372, 38 S.W.3d 298 (2001), to assert a lack of jurisdiction, distinguishing those cases on the basis that they involved statutory prerequisites for jurisdiction in wrongful-death actions: the statute of limitations in *St. Paul Mercury* and the requirement for all the heirs ₉at law to bring the action if there is no personal representative in *Ramirez* ).

Despite this court's historical refusal to consider standing an issue of subject-matter jurisdiction, Chubb argues that § 6 of amendment 80 rendered a lack of standing in circuit court a jurisdictional deficiency. For persuasive authority in support of this argument, Chubb places emphasis on a statement from a treatise that opines that the word "justiciability" in amendment 80 may limit subject-matter jurisdiction to cases where the plaintiff has standing. The treatise states that

> [s]tanding has not been considered a · question of subject matter jurisdiction in Arkansas. This issue might be revisited in light of Constitutional Amendment 80, under which circuit courts have "original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution." The phrase "justiciable matters" arguably limits subject matter jurisdiction to those cases in which the plaintiff had standing.

DAVID NEWBERN & JOHN WATKINS, 2 ARKANSAS CIVIL PRACTICE and PROCEDURE, § 7–3, at 159 (4th ed.2006). Chubb also urges this court to follow the jurisprudence of the federal courts and other states that hold that standing is a matter of subject-matter jurisdiction under their respective constitutions. We reject the invitation to follow and apply federal precedent.

The jurisdiction of federal courts is limited under Article III of the United States Constitution to the adjudication of actual "cases" and "controversies." "Standing" is one of several doctrines, along with mootness, ripeness, and whether the case in-

volves a political question, which have developed into the definition of the "case or controversy" requirement under federal law. See, *e.g., Clinton v. City of New York*, 524 U.S. 417, 429–30, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) ₁₀("Article III of the Constitution confines the jurisdiction of the federal courts to actual Cases and Controversies, and ... the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process."); *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf," quoting *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)); *Ben Oehrleins & Sons & Daughter, Inc. v. Hennepin Cnty.*, 115 F.3d 1372, 1378 (8th Cir.1997), *cert. denied*, 522 U.S. 1029, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997) ("Standing is the constitutional requirement, imposed by the 'cases or controversies' provision of Article III, that a plaintiff must allege a judicially cognizable and redressable injury in order to pursue a lawsuit."); *Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir.1994) ("Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution."). As the Texas Supreme Court noted in *Texas Association of Business v. Texas Air Control Board*, 852 S.W.2d 440, 444–45 (Tex.1993), "[o]ther states have followed this analysis in construing their own constitutions." [2]

■ ₁₁Arkansas, however, has not followed the federal analysis and definition of "justiciability" to include standing as a matter of subject-matter jurisdiction. As the treatise Chubb relies upon acknowledges, "[s]tanding in Arkansas courts is a question of state law," and "federal cases based on Article III of the U.S. Constitution are not controlling." NEWBERN & WATKINS, *supra* at 155; *see also Jegley v. Picado*, 349 Ark. 600, 80 S.W.3d 332 (2002). Under Arkansas law, standing is not a component of subject-matter jurisdiction; it is a defense to be asserted and an issue that may be addressed upon appeal. *See Arkansas State Bd. of Educ. v. Magnolia Sch. Dist. No. 14, supra*. Section 6 of amendment 80 did not narrow subject-matter jurisdiction in the manner Chubb asserts. We stated in *First National Bank of DeWitt v. Cruthis*, 360 Ark. 528, 534, 203 S.W.3d 88, 92 (2005), that "Amendment 80 did not alter the jurisdiction of law and equity. It only consolidated jurisdiction in the circuit courts." We further explained in *Ellis v. Reynolds*, 368 Ark. 572, 576, 247 S.W.3d 845, 848 (2007) that

[w]ith the passage of Amendment 80 to the Arkansas Constitution, the circuit

---

**2.** Citing *Prudential–Bache Sec., Inc. v. Commissioner of Revenue*, 412 Mass. 243, 588 N.E.2d 639, 642 (1992); *Bennett v. Board of Trs. for Univ. of N. Colorado*, 782 P.2d 1214, 1216 (Colo.Ct.App.1989), cert. denied, 797 P.2d 748 (Colo.1990); *Pace Constr. Co. v. Missouri Highway and Transp. Comm'n*, 759 S.W.2d 272, 274 (Mo.App.1988); *Terracor v. Utah Bd. of State Lands & Forestry*, 716 P.2d 796, 798–99 (Utah 1986); *State by McClure v. Sports and Health Club, Inc.*, 370 N.W.2d 844, 850 (Minn.1985), *appeal dismissed*, 478 U.S. 1015, 106 S.Ct. 3315, 92 L.Ed.2d .730 (1986); *Smith v. Allstate Ins. Co.*, 483 A.2d 344, 346 (Me.1984); *Ardmare Constr. Co. v. Freedman*, 191 Conn. 497, 467 A.2d 674, 675 n. 4, 676–77 (1983); *Horn v. County of Ventura*, 24 Cal.3d 605, 156 Cal.Rptr. 718, 596 P.2d 1134, 1142 (1979); *Stewart v. Board of County Comm'rs of Big Horn County*, 175 Mont. 197, 573 P.2d 184, 186, 188 (1977); *State ex rel. Albritton v. Moore*, 238 La. 728, 116 So.2d 502, 504 (1959).

courts and chancery courts of this state were merged. As a result of the merger, courts that were formerly chancery and circuit courts are now referred to as circuit courts. Section 6(A) of Amendment 80 specifically provides that the "[c]ircuit courts are established as the trial courts of original jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution." Thus, the circuit courts' jurisdiction now includes all matters previously cognizable by circuit, chancery, probate, and juvenile court.

(citations omitted). Section 19(B)(1) of amendment 80 provides that the "[j]urisdiction conferred on Circuit Courts established by this Amendment includes all matters previously cognizable by Circuit, Chancery, Probate and Juvenile Courts." Ark. Const. amend. LXXX, § 19(B)(1). This provision does not reflect any narrowing of the circuit courts' subject-matter jurisdiction as advocated by Chubb. Therefore, whether Chivers has standing in the underlying circuit-court action (a question upon which we express no opinion), the issue is not one of a jurisdictional nature sufficient to support a writ of prohibition.

Under *Ulmer, supra,* the Miller County Circuit Court clearly has subject-matter jurisdiction of the civil action filed by Chivers, an allegation of a conspiracy engaged in by Chubb and other defendants resulting in fraud, constructive fraud, and unjust enrichment. Accordingly, we deny Chubb's petition for a writ of prohibition because the circuit court is not "wholly without jurisdiction." *Poskey,* 309 Ark. at 207, 828 S.W.2d at 837.

Alternatively, the Petitioners request this court to issue a writ of certiorari to prevent the Miller County Circuit Court from exercising subject-matter jurisdiction. In *Conner, supra,* this court explained that

[a] writ of certiorari is extraordinary relief, and we will grant it only when there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. In determining its application, we will not look beyond the face of the record to ascertain the actual merit of a controversy, or to control discretion, or to review a finding of fact, or to reverse a trial court's discretionary authority. A writ of certiorari lies only where it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, and there is not other adequate remedy.

355 Ark. at 428, 139 S.W.3d at 479–80 (citations omitted). Here, as noted above, any asserted lack of standing is not a jurisdictional issue, and the proceedings are not erroneous on the face of the record. Nor is there a plain, manifest, clear abuse of discretion. Further, the Petitioners have a remedy other than a writ of certiorari: they can appeal any eventual decision by the circuit court that Chivers has standing.[3] As we stated in *Conner, supra,*

This court [ ] has never retreated from our unequivocal statement in *Burney v. Hargraves,* 264 Ark. 680, 573 S.W.2d 912 (1978), that an asserted threat of an

**3.** The record indicates that on April 29, 2009—the day after the circuit court filed its April 28, 2009 order deferring the motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction—Chubb filed a "renewed" motion to dismiss that is apparently still pending. This "renewed" motion to dismiss asserts that the complaint against the Chubb defendants should be dismissed under Rule 12(b)(6) because it fails to state facts upon which relief can be granted.

unwarranted trial is an insufficient basis to conclude that the remedy by appeal is not adequate.

*Id.* at 428–29, 139 S.W.3d at 476. Therefore, we deny Chubb's alternative request for a writ of certiorari.

Petition for Writ of Prohibition or Certiorari denied.

SHEFFIELD, J., not participating.