Bart F. Virden, Judge, dissenting. I respectfully dissent'from the majority decision to affirm the circuit court’s' sua sponte raising of the issue of Gildehaus’s standing to challenge the transfer of the retail liquor permit from Jameson to Moore. In its order, the circuit court cited Estes v. Walters, 269 Ark. 891, at 894, 601 S.W.2d 252, 254, in which this court affirmed the circuit court’s decision to uphold the ABC determination that the appellant did not have standing to challenge the granting of a new permit (though on different grounds than were originally found by the ABC). In Estes, the ABC granted a new permit to Carmel Jones, and it dismissed Estes’s petition challenging ligthe new permit based on his lack of standing. Both the appeal to the circuit court and to the appellate court were based on the ABC’s findings concerning standing. The difference between Estes and the present case is that in Estes, standing was raised below at the administrative agency hearing, and the issue was not raised sua sponte by the circuit court, as in our present case. Thus, I would not affirm based on my belief that Estes is inapposite to the facts of the present case. Along with Estes, this court cites Arkansas Alcoholic Beverage Control v. Muncrief, 74 Ark. App. 221, 45 S.W.3d 438 (2001), in support of its holding that Gilde-haus did not have standing. In Muncrief, the ÁBC granted a new permit to Pearcy Grocery. Muncrief' had opposed the permit at the ABC hearing and then filed an appeal with the circuit court. Péarcy Grocery moved to dismiss, alleging that Mun-crief did not have standing to petition for judicial review. Id. at 224-25, 45 S.W.3d at-441. Our court held that Muncrief did not have standing because she failed to set out in her petition for judicial review in circuit court specific allegations as to how she had sustained or was in immediate danger of sustaining injury; thus, her petition was insufficient to invoke the court’s jurisdiction under the Administrative Procedures Act, and the circuit'court erred in finding that she had standing. We reversed and dismissed. The difference between the present case and Muncrief is that the issue of standing was raised by the parties to the action and not sua sponte by the circuit court. Furthermore, our- court has held that “[w]hen the issue of standing is not properly developed below, we do not address it on appeal.” Harrill & Sutter, PLLC v. Farrar, 2012 Ark. 180, at 6, 402 S.W.3d 511, 514-15; See, e.g., Ark Game & Fish Comm’n v. Murders, 327 Ark. 426, 938 S.W.2d 18854 (1997)(“The issue of whether appel-lees, who are all hunters, have standing to assert the rights of non-hunters, was not raised at the trial court level. Consequently, we do not discuss this issue on appeal, as lack of standing does not deprive a court of jurisdiction”). Our supreme court held in Chubb Lloyds Ins. Co. v. Miller County Circuit Court, Third Division, 2010 Ark. 119, at 5, 361 S.W.3d 809, 812, that standing could be waived because it is not akin to subject-matter jurisdiction: “If the issue were one of jurisdiction of the subject matter, we would address it despite the fact that it was not raised before the trial court. As it is not such an issue, we decline to address it for the first time on appeal.” In' Chubb, our supreme court clarified that “[ujnder Arkansas law, standing ... is a defense to be asserted and an issue that may be addressed upon appeal.” Id. at 11, 361 S.W.3d at 815. Moore never raised the issue of standing to the ABC. Neither Moore nor the ABC raised the issue of standing to the circuit court. In none of our caselaw concerning the review of an administrative agency’s decision has the circuit court raised the issue of standing on its own. The circuit court and the court of appeals are both held to the same standard when reviewing the decision of an administrative agency; “Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope. The standard of review to be used by both courts is whether there is substantial evidence to support the agency’s findings.” Ark. State Hwy. & Transp. Dep’t. v. Ram Outdoor Advert., 2015 Ark. App. 713, at 7, 479 S.W.3d 51. If the ABC did not have an issue with Gildehaus’s standing, and if Moore did not raise the issue to the ABC, I cannot see how it was appropriate for the circuit court to raise the issue on its own. | ^Furthermore, on reaching the issue of standing, I assert that Gildehaus sufficiently plead her injury to show “concrete, specific, real, and immediate injury” as required in Arkansas Beverage Retailers Association, at 507-08, 256 S.W.3d 488. Gildehaus named Moore as a competitor who intended to set up shop within three miles of her business. Granted, the appel-lees in Arkansas Beverage Retailers Association v. Moore, 369 Ark. 498, 256 S.WBd 488 (2007) pled more than just that financial harm would occur if the petition was granted. However, in that ease, we specifically pointed out that pleading financial harm could be sufficient to show standing. Id. at 508, 256 S.W.3d 488. (“[T]he circuit court erred in its decision that financial impact could not support standing[.]”) She certainly could not have plead damages in that Moore had not yet begun operations. If a competitor’s store three miles away would not have standing, it is difficult for me to imagine who would. In conclusion, I want to reiterate that the ABC did not consider Gildehaus?s pleading of her standing to challenge the permit insufficient, For the circuit court to overturn the ABC’s decision to allow Gildehaus to challenge the permit violates the standard of review that directs both the circuit court and the appellate court to give great deference to the administrative board’s decision. Furthermore, I would hold that Gildehaus plead sufficient injury to achieve standing. I respectfully dissent..