Peter G. ESTES *v.* James N. WALTERS, Ron
HARROD, Edgar M. HOUSE, Dr. Ralph RATTON,
Dr. Carl E. HYMAN, THE ALCOHOLIC BEVERAGE
CONTROL BOARD and Carmel B. JONES, d/b/a
CHUCKWAGON LIQUOR

CA 80-68                                            601 S.W. 2d 252

Court of Appeals of Arkansas
Opinion delivered July 2, 1980
Released for publication July 8, 1980 .

*Estes, Estes & Estes*, for appellant.

*Marshall N. Carlisle*, of *Murphy & Carlisle* and *Donald R. Bennett*, for appellees.

GEORGE HOWARD, JR., Judge. The issue before the Court is whether the appellant had standing to challenge the action of the Alcoholic Beverage Control Board in affirming the action of its Director in granting to one Carmel B. Jones a new retail liquor and off-premises beer permit, for a store at 1935 School Street, Fayetteville.[1]

The Alcoholic Beverage Control Board dismissed appellant's appeal from the action of its Director on the grounds that there was no evidence that the appellant appeared as a protestant prior to the action of the Director in granting the new permit as required by Ark. Stat. Ann. § 48-1314 (Repl. 1977), which provides:

> Any applicant or licensee aggrieved by an order of refusal, suspension or revocation issued by the Director or any person or group of persons, who have formally protested the issuance of any license before a decision had been rendered by the Director and are aggrieved by the issuance of said license, may appeal from such order or decision to the Alcoholic Beverage Control Board by filing a notice of appeal with the said Board.[2]

Appellant sought judicial review of the Board's action in the Washington County Circuit Court. While finding that

---

[1] A prior retail liquor and off-premises beer permit held by Carmel B. Jones for the same location was revoked and surrendered pursuant to an order of the Washington County Circuit Court on December 4, 1978.

[2] While the Board's decision of April 18, 1979, is predicated on the finding that appellant was not a protestant, or a party to the proceeding before its Director, the Board's action, in fact, is an affirmance of the Director's action and consequently, is final. Moreover, appellant's petition, under the Administrative Procedure Act, filed in the circuit court on May 3, 1979, sought an order "reversing the action of the ... Board in issuing the ... license and an order cancelling such license. ..."

appellant's petition was filed as an appeal for review of a decision of the Board pursuant to the Administrative Procedure Act, the circuit court found that there was substantial evidence to sustain the decision of the Board and dismissed appellant's petition.

Arkansas' Administrative Procedure Act, Ark. Stat. Ann. § 5-713 (Repl. 1976) provides:

> *Judicial review of adjudication.* — (a) In cases of adjudication, any person who considers himself injured in his person, business, or property by final agency action shall be entitled to judicial review thereof under this Act. Nothing in this Section shall be construed to limit other means of review provided by law.
>
> (b) Proceedings for review shall be instituted by filing a petition.
>
> (1) in the Circuit Court of any county in which the petitioner resides or does business, or
>
> (2) in the Circuit Court of Pulaski County within thirty days after service upon petitioner of the agency's final decision. Copies of the petition shall be served upon the agency and all other parties of record by personal delivery or by mail. The court, in its discretion, may permit other interested persons to intervene.

In *Arkansas Savings & Loan Ass'n Board* v. *Corning Savings & Loan Ass'n,* 252 Ark. 264, 478 S.W. 2d 431, the Arkansas Supreme Court stated that the Administrative Procedure Act provides an alternate appellate procedure and jurisdiction for the judicial review of an adjudication by an agency subject to the act. *See also: Travelers Indemnity Company* v. *Ark Monroe, III., Insurance Commissioner of The State of Arkansas,* 257 Ark. 1029, 522 S.W. 2d 431.

We perceive from the plain meaning of the language of the Administrative Procedure Act as affording to *"any person who considers himself injured in his person, business or property, by final agency action"* judicial review of such action whether such

person was a party to the administrative proceeding or not. We believe the circuit court's interpretation of the Administrative Procedure Act as affording judicial review only to those individuals who may be regarded or characterized as parties to the administrative proceeding as unduly restrictive. It is plain that any person who had been adversely affected or aggrieved by the action of an agency covered by the Act, may seek redress, in the circuit court in the county where the petitioner resides or does business or in the Circuit Court of Pulaski County within thirty days after service of the agency's final decision.

While we affirm the action of the Circuit Court of Washington County in the dismissal of appellant's petition, we do so for reasons entirely different from those asserted by the circuit court.

We hold that appellant has failed to set out in his petition, filed in the Washington County Circuit Court, allegations showing in what way he has already sustained or is immediately in danger of sustaining injury either in his "person, business or property" as a consequence of the final action of the appellees in issuing the new permit to Jones. Only a claimant who has a personal stake in the outcome of a controversy has standing to invoke the jurisdiction of the circuit court in order to seek remedial relief; his injury must be concrete, specific, real and immediate rather than conjectural or hypothetical. *See: Public Citizens, et al.*, v. *Lockheed Aircraft Corporation, et al.*, 565 F. 2d 708 (1977); *McDowell* v. *Schlesinger (DC MO) 404 F. Supp. 221.*

In *Arkansas Savings & Loan Ass'n Board* v. *Central Arkansas Savings & Loan Ass'n.*, 260 Ark. 58, 538 S.W. 2d 505 (1976), the Arkansas Supreme Court has emphasized that under the language of Arkansas' Administrative Procedure Act the courts are given the same type of review that is applied by the federal courts to the federal Administrative Procedure Act.

Affirmed.

HAYS, J., not participating.