ARKANSAS BEVERAGE RETAILERS ASSOCIATION, INC. and Albert Young *v.* Robert S. MOORE, Jr., Director, Alcoholic Beverage Control Board, Daniel S. Holtrey, Sam's West, Inc., and Sam's Club #8209

06-794                                    256 S.W.3d 488

Supreme Court of Arkansas
Opinion delivered May 3, 2007

*Charles R. Singleton, P.A.,* by: *Charles R. Singleton,* for appellant.

Paul Danielson, Justice. Appellants, the Arkansas Beverage Retailers Association, Inc., Albert Young, President,

and Albert Young, Individually (hereinafter referred to jointly as "ABRA"), appeal from the circuit court's order dismissing ABRA's petition for judicial review of appellee Arkansas Alcoholic Beverage Control Board's (ABC Board) decision to approve appellee Daniel S. Holtrey's application for the transfer of liquor and beer permits on behalf of appellee Sam's Club. The case was certified to this court from the court of appeals, as one involving an issue of first impression, substantial public interest, and the interpretation of an act of the General Assembly. *See* Ark. Sup. Ct. R. 1-2(d) (2006). ABRA's sole point on appeal is that the circuit court erred in finding that the ABRA did not have standing under the Arkansas Administrative Procedure Act (APA), codified at Ark. Code Ann. §§ 25-15-201 – 25-15-217 (Repl. 2002 & Supp. 2005), to appeal from the ABC Board's decision. Because we hold that ABRA has demonstrated an injury sufficient to confer standing on which to challenge the ABC Board's decision under the APA, we reverse and remand.

A review of the record reveals that on July 20, 2005, the ABC Board conditionally granted appellee Holtrey's application, on behalf of appellee Sam's Club # 8209, for the replacement and transfer of location of retail liquor and beer off-premises permits. In its findings of fact and conclusions of law, the ABC Board found that what was being presented was "a transfer of location of an existing liquor store across the city of Fayetteville" and was "not an application for a new liquor store." It further found that the effort was "more suitable for public convenience and advantage" than a prior application that had been made in Springdale and that there was a broad base of support from public officials. The ABC Board went on to find:

> As far as the issue of economic protectionism raised by some witnesses, the Board finds that based on case law economic protectionism cannot be a valid consideration on this application. The Board further finds there are no traffic concerns that should prevent the transfer of location of the liquor store permit as requested. Based on the above items, it is found that the transfer of location is one that will promote the public convenience and advantage and should be granted under the terms of ABC Reg. 1.33(4).

It then granted the application, conditioned upon completion of construction of the building to house the permit as per plans submitted within one year of the date of the decision.

On August 19, 2005, ABRA filed a petition for judicial review in the circuit court. The petition stated that ABRA was

composed of twenty-five retail liquor package stores licensed by the ABC Division and operated around the state. It alleged that the ABC Board's decision should be reversed in that it was (1) arbitrary, capricious, characterized by an abuse of discretion, and was not supported by substantial evidence; (2) in violation of statutory provisions as a result of the Board's misinterpretation of Ark. Code Ann. § 3-4-218 (Supp. 2005);[1] and (3) made upon unlawful procedure resulting from Board members' ex parte contact with a Sam's Club representative. Finally, ABRA stated that its members considered themselves injured in their person, business, and property by the decision of the ABC Board. Holtrey, in his answer to ABRA's petition, affirmatively stated that ABRA lacked standing to bring the action because its members had not sustained and were not in imminent danger of sustaining injury to their person, business, or property.[2]

ABRA then filed an amended petition for judicial review, in which it more specifically stated that its members who owned and

---

[1] That section specifically provides:

(a)(1) No new liquor permits shall be issued to nor shall any outstanding liquor permit be transferred to any person, firm, or corporation by the Alcoholic Beverage Control Division wherein the permitted premises of the liquor permittee is operated as a part of the profit-making business of any drug, grocery, sporting goods, dry goods, hardware, or general mercantile store.

(2) However, the permittee may have tobacco products, mixers, soft drinks, and other items customarily associated with the retail package sale of the liquors.

(b) However, this restriction shall not prohibit the transfer of a permit by the division resulting from the sale of a business for which a permit was issued on or before February 18, 1971.

(c) It is further provided that in any instance where a retail liquor permit was issued after February 18, 1971, and the permitted premise is located outside an incorporated city or town and is located within five (5) miles of two (2) other liquor stores that were grandfathered in under the provisions of subsection (b) of this section, with each of the other stores being on either side of the newer liquor store, further where the newer liquor store and one of the grandfathered liquor stores are both located in the same county and the second grandfathered liquor store is located in an adjoining county, and further where all three (3) subject liquor stores are located within one (1) mile of a federal interstate highway, then the middle liquor store may be considered as a grandfathered liquor store on the same basis as its competitors and may sell items which would not ordinarily be allowed if the permit were granted after February 18, 1971.

Ark. Code Ann. § 3-4-218 (Supp. 2005). We note that this statute was amended by the General Assembly in 2007. See Act 457 of 2007.

[2] Holtrey was granted intervention by the circuit court, upon his motion.

operated package stores in Fayetteville would suffer injury to their business and property interests as a result of the ABC Board's decision due to their inability to compete on an equal basis with Sam's Club. It maintained that allowing such department stores to sell alcoholic beverages along with their other products and restricting other retail package stores to sales of alcoholic beverages would injure ABRA members in their business and property interests. ABRA further alleged that the ABC Board misinterpreted Ark. Code Ann. § 3-4-218.

On December 5, 2005, Holtrey filed a motion to dismiss for lack of standing. On December 27, 2005, Holtrey filed a renewed motion to dismiss for lack of standing. In it, he claimed that the alleged economic injury claimed by the competing liquor-store owners had been rejected as a relevant basis for appeal of ABC Board decisions, citing *Fouch v. State*, 10 Ark. App. 139, 662 S.W.2d 181 (1983). He asserted that because the ABRA members' alleged injury was not relevant to the decision-making process of the ABC Board, ABRA did not have standing to challenge the decision of the Board in the instant matter. ABRA responded, claiming that Holtrey had mischaracterized the case law and that to the group's knowledge, Arkansas courts had never held that financial damage was not a proper basis for claiming standing to file an appeal under the APA.

On April 4, 2006, the circuit court issued its memorandum order after holding a hearing on March 3.[3] In its order, the circuit court relied on two decisions of the court of appeals, *Fouch v. State, supra*, and *Arkansas Alcoholic Beverage Control v. Muncrief*, 74 Ark. App. 221, 45 S.W.3d 438 (2001), and found that (1) testimony concerning undercutting of prices and the loss of business by a competing liquor store was insufficient to support standing, and (2) financial impact on area stores could not support standing in the instant case. Consequently, the circuit court ruled that ABRA's petition for judicial review must be dismissed for lack of standing to seek review of the ABC Board's decision. In addition, the circuit court concluded that because ABRA's allegations of injury related to its members' ability to compete with Sam's Club, or future similarly situated stores, after the ruling from the ABC

---

[3] While ABRA failed to include an abstract of the hearing on the motion to dismiss before the circuit court which was pertinent to our review, Holtrey filed a supplemental abstract which included that hearing.

Board, the allegations were insufficient to sustain a finding that they had standing to prosecute the action. After awarding the ABC Board its costs for preparing the record, the circuit court granted Holtrey's renewed motion to dismiss for lack of standing and dismissed with prejudice the petition for judicial review and all of its amendments. ABRA now brings this appeal.

ABRA argues that the circuit court misinterpreted the court of appeals' case law in its decision to dismiss ABRA's petition for judicial review for lack of standing. ABRA contends that it alleged specific injury in its amended petition for judicial review. ABRA asserts that financial injury has been consistently recognized by Arkansas courts as a basis to assert standing. Nonetheless, irrespective of the financial issue, ABRA urges its contention that public convenience and advantage would not be served by the ABC Board's grant of the Sam's Club application, which is of primary concern in considering retail liquor permit applications. Additionally, ABRA submits, it pled that it will receive, and has received, disparate, unequal, and arbitrary treatment as a result of the ABC Board's interpretation of Ark. Code Ann. § 3-4-218.

Holtrey and the ABC Board jointly respond that ABRA's allegations of injury were not sufficient to confer standing on it or its individual members. They assert that an assertion of mere difficulty of competition has been rejected as a relevant basis for appeal from an ABC Board decision. They maintain that financial impact on area stores is irrelevant to the ABC Board's decision-making process and, therefore, cannot be the kind of injury that supports standing in the case at bar. Citing to requirements for standing with respect to the federal Administrative Procedure Act, they suggest that a petitioner must show that he has suffered an "injury in fact" and that the injury is within the "zone of interests" sought to be protected by the relevant statutory provision in order to have standing to appeal the decision of an administrative board. In addition, they contend that ABRA's amended petition for judicial review was a nullity and did not provide a basis for standing due to the fact that the APA does not provide for the filing of amended petitions. ABRA replies that its other members outside the Fayetteville area would be impacted by the ABC Board's decision to permit a department store to hold a retail liquor permit. It maintains that Arkansas courts have never held that financial injury was not a proper basis for establishing standing to file an APA appeal.

The question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo.[4] *See Farm Bureau Ins. Co. of Arkansas, Inc. v. Running M Farms, Inc.*, 366 Ark. 480, 237 S.W.3d 32 (2006).

The public policy of the State of Arkansas is "that the number of permits . . . to dispense vinous (except wines), spirituous, or malt liquor shall be restricted." Ark. Code Ann. § 3-4-201(a) (Repl. 1996). The ABC Board is empowered to determine whether public convenience and advantage will be promoted by issuing the permits and by increasing or decreasing the number thereof, and the number of permits so issued shall be restricted. *See* Ark. Code Ann. § 3-4-201(b). An appeal from an order of the ABC Board concerning permits is governed by the APA. *See* Ark. Code Ann. § 3-4-213 (Repl. 1996). At issue in the instant case is whether ABRA had standing to seek judicial review of the ABC Board's decision under the APA. The APA contains a specific provision with respect to standing:

> (a) In cases of adjudication, any person, except an inmate under sentence to the custody of the Department of Correction, who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter. Nothing in this section shall be construed to limit other means of review provided by law.

Ark. Code Ann. § 25-15-212(a) (Repl. 2002). While we have not previously had the occasion to interpret this statute, our court of appeals has.

In *Estes v. Walters*, 269 Ark. 891, 601 S.W.2d 252 (Ark. App. 1980), the court of appeals interpreted subsection (a) to apply whether such person was a party to the administrative proceeding or not. The court went on to hold that "any person who has been adversely affected or aggrieved by the action of an agency covered by the Act, may seek redress." 269 Ark. at 894, 601 S.W.2d at 254. That being said, the court of appeals further observed that only a claimant who has a personal stake in the outcome of a controversy

---

[4] Under the APA, this court would typically review the ABC Board's decision, rather than that of the circuit court, however, the ABC Board's decision has not yet been reviewed by the circuit court. Instead, the circuit court dismissed ABRA's petition for judicial review for lack of standing. Thus, our review is limited to the circuit court's finding on standing in the instant case, rather than the decision of the ABC Board.

has standing to invoke the jurisdiction of the circuit court in order to seek relief and that his injury must be concrete, specific, real, and immediate, rather than conjectural or hypothetical. *See id.*; *see also* David Newbern & John J. Watkins, *Arkansas Civil Practice & Procedure* § 5-13 (3d ed. 2002) ("The Administrative Procedure Act confers standing to seek judicial review of final agency action on 'any person who considers himself or herself injured in his or her person, business, or property.' [Footnote omitted.] To have standing under this provision, the plaintiff must demonstrate how he or she has already sustained or is immediately in danger of sustaining such an injury as a consequence of the agency's action. [Footnote omitted.]").

We do not disagree with the court of appeals' assessment of the statute. When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See Cave City Nursing Home, Inc. v. Arkansas Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. *See id.* A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. *See id.* When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. *See id.* This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it is clear that a drafting error or omission has circumvented legislative intent. *See id.*

In the instant case, the circuit court concluded that financial impact on area stores could not support standing, and, thus, ABRA's allegations of injury relating to an inability to compete with Sam's Club, or other similar, future stores, were insufficient to sustain a finding of standing. We disagree. The APA's standing statute specifically confers standing on "any person . . . who considers himself of herself injured in his or her person, business, or property by final agency action." Ark. Code Ann. § 25-15-212(a). "Injury" is defined as "[t]he violation of another's legal right, for which the law provides a remedy; a wrong or injustice" or "any harm or damage." *Black's Law Dictionary* 801 (8th ed. 2004). Thus, so long as an individual considers his or her legal

rights violated or considers himself or herself harmed or damaged, has been adversely affected or aggrieved by the agency action, has a personal stake in the outcome of the controversy, and can demonstrate a concrete, specific, real, and immediate injury by the agency's final action, that individual is entitled to judicial review of that agency action.

Such an interpretation of section 25-15-212(a) is in line with this court's general rules on the issue of standing for cases outside of the APA. For example, we have said that a person must have suffered an injury or belong to a class that is prejudiced in order to have standing to challenge the validity of a law. *See, e.g., Springdale Sch. Dist. No. 50 v. The Evans Law Firm, P.A.*, 360 Ark. 279, 200 S.W.3d 917 (2005): Stated differently, plaintiffs must show that the questioned act has a prejudicial impact on them. *See id.*

We hold that ABRA has done precisely that in the instant case. Here, as already noted in part, ABRA, in its amended petition for judicial review, stated the following, with respect to its standing to bring the petition:

> 6. That Petitioner Young and the forty four (44) other retail liquor store owners who are members of Petitioner ABRA, consider themselves injured in their person, business and property by the decision of Respondent Board. The ABRA members who own and operate package stores in Fayetteville, including Masterson and the Britts, *will suffer injury to their business and property interests as a result of the Respondent Board's decision because of their inability to compete on an equal basis* with Sam's Club. Specifically, the Board's misinterpretation of Ark. Code § 3-4-218 would allow Sam's Club to operate a retail package store as part of its department store complex where it sells every type of product typical to such operations. *Petitioners, however, cannot sell any products other than alcoholic beverages and closely related items.* ABRA members who are not located in Fayetteville will suffer injury to their business and property interests because the precedent set by Respondent Board's misinterpretation of Ark. Code § 3-4-218 would allow department stores such as Sam's Clubs, Walmarts, K-marts, Targets, Walgreens, Sears, Albertsons, Home Depot or any other store of the type to establish retail package stores as additional profit centers in their department stores around the state. *Allowing such department stores to sell alcoholic beverages along with all the other products they sell and, at the same time, restricting Petitioners and other retail package stores to sales of alcoholic beverages only will, without question, injure Petitioners in their*

*business and property interests.* Petitioners' allegations of injury are real, specific, concrete and are not conjectural. [Emphasis added.]

A review of ABRA's claims demonstrates that its allegations of injury are premised upon its claim of disparate treatment between permitees, specifically, that ABRA's members will be unable to compete with Sam's Club on an equal basis due to the latter's ability to sell other retail products, which products ABRA's members are prohibited from selling. ABRA's assertions of injury consist of real, specific, and concrete allegations that its members are going to be treated differently from Sam's Club with respect to selling other goods, should the ABC Board's grant of a permit to Sam's Club stand. This is further evidenced by the fact that ABRA specifically alleges that it is being treated differently under Ark. Code Ann. § 3-4-218, which could be considered an allegation that the ABC Board's decision is in violation of constitutional or statutory provisions and is specifically reviewable by the circuit court under the APA:

> (h) The court may affirm the decision of the agency or remand the case for further proceedings. It may reverse or modify the decision if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the agency's statutory authority;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error or law;
>
> (5) Not supported by substantial evidence of record; or
>
> (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark. Code Ann. § 25-15-212(h) (Repl. 2002).

Moreover, we should note, the ABC Board's and the circuit court's reliance on the *Muncrief* and *Fouch* decisions by the court of appeals is misplaced, as they are not instructive in the instant case.

First, the *Muncrief* decision simply stands for the proposition that a petition for judicial review is insufficient to invoke the circuit court's jurisdiction where a petitioner fails to specifically set forth in the petition for judicial review how he or she sustained or was in immediate danger of sustaining injury. In that case, Muncrief merely asserted in her petition for judicial review that she "considers herself injured by the action of the agency[.]" 74 Ark. App. at ·224, 45 S.W.3d at 440. As already stated above, ABRA's contentions of injury were not only specific, but real and concrete. Accordingly, *Muncrief* does not defeat any determination of standing in the instant case.

Nor is the *Fouch* case any more instructive. In *Fouch*, the court of appeals, with respect to a finding made by the circuit court, simply stated that the ABC Board is "to promote *public* convenience and advantage in issuing permits, not to protect the interests of the owners who are presently licensed." 10 Ark. App. at 146, 662 S.W.2d at 185 (emphasis in original). Because this statement was not made in regards to standing, we do not deem it relevant to our analysis. Thus, the circuit court erred in its decision that financial impact could not support standing based on these two cases. Moreover, as previously stated, ABRA has alleged much more than financial impact; indeed, it has alleged disparate treatment under a statute regulating the sale of goods by alcoholic-beverage retailers. For all of the foregoing reasons, we hold that ABRA has demonstrated a sufficient consideration of injury under section 25-15-212(a) by which to confer standing on it to challenge the ABC Board's decision.

On a final note, we must address several contentions made by Holtrey in his responsive brief, his first being that in order to show standing, a petitioner under the APA should have to show an "injury in fact" and that such injury is within the "zone of interests" sought to be protected by the statutory provision, as those terms are used under the federal Administrative Procedure Act. He is mistaken. The General Assembly was very clear in section 25-15-212(a) as to who should be entitled to judicial review of administrative actions. Moreover, a review of this court's case law reveals a sole reference to the federal Administrative Procedure Act in *Arkansas Savings & Loan Ass'ns Board v. Central Arkansas Savings & Loan Ass'n*, 260 Ark. 58, 538 S.W.2d 505 (1976), wherein we said:

> Under the language of the Administrative Procedure Act, *supra*, we construe the language thereof to give to the courts the same type of review that is applied by the federal courts to the federal Administrative Procedure Act.

260 Ark. at 60, 538 S.W.2d at 506. Our mention of the federal APA was limited in that case to the "judicial review of administrative findings," and does not demonstrate any intention on our part to rely upon the federal APA guidelines in all instances. Thus, despite Holtrey's assertion to the contrary, there is no need for Arkansas courts to resort to the requirements for standing under the federal Administrative Procedure Act when determining standing under section 25-15-212(a).

■ Holtrey's second contention is that ABRA was not permitted to file an amended petition for judicial review under the APA and, thus, it was a nullity and should not be considered. Again, we disagree. A review of the record reveals that Holtrey did not object to ABRA's amended pleading. As this court has previously held, we will not consider an argument made for the first time on appeal. *See, e.g., Fordyce Bank & Trust Co. v. Bean Timberland, Inc.*, 369 Ark. 90, 251 S.W.3d 267 (2007). But more importantly, a review of the APA reveals that there is no prohibition against the filing of an amended petition. Accordingly, we do not consider ABRA's amended petition for judicial review a nullity.

■ In short, we conclude that ABRA's claims of disparate treatment under section 3-4-218 and its members' alleged inability to compete on an equal basis as set forth in its amended petition for judicial review were sufficient consideration of injury conferring ABRA standing and entitling it to judicial review of the ABC Board's decision. We, therefore, reverse the circuit court's order and remand for further proceedings.

Reversed and remanded.

CORBIN, J., not participating.