The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse
280 North College Avenue, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
You have requested my opinion on the following questions concerning A.C.A. § 26-79-104, which provides for the apportionment of the county road tax to cities:
 1. Would it be permissible for the county and the cities to agree to a different distribution by Interlocal Agreement?
 2. Would there need to be "consideration" before a city would be allowed to take less than its statutory required share? If so, would the fact that some city residents travel county roads and the possibility that some of these roads may eventually be annexed into a city be deemed adequate consideration?
RESPONSE
To the extent the proposed arrangement contemplates using a city's share of the county road tax, or a portion thereof, to improve roadways outside the city, the answer to your first question appears to be "no" under A.C.A. § 26-79-104. This effectively moots your second question.
Section 26-79-104 requires the apportionment of one-half of the county road tax, except where the General Assembly has specified another amount, to cities for use in improving city streets: *Page 2 
 (a) Of the amount collected from the annual three-mill road tax in any county in the state, the county courts shall apportion one-half (½), except when a greater amount is allowed by law, of the amount collected upon property within the corporate limits of any city or town for use in making and repairing the streets and bridges in the respective cities or towns.
 (b) The county collector of any county in the state shall pay into the treasury of the respective cities or towns the amount so apportioned by the county court, which amount shall be expended exclusively by the cities or towns for the purpose of making and repairing the streets and bridges within the corporate limits of the town or city.
 (c) This section shall not repeal, alter, change, or affect any special act passed under which any city or town is receiving any greater or lesser amount than the three-mill county road tax.[1]
In construing this statutory scheme, I am guided by the following:
 When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. See Arkansas Beverage Retailers Ass'n, Inc. v. Moore, 369 Ark. 498, 256 S.W.3d 488 (2007). When the language of a statute is plain and unambiguous, there is no need to resort to rules of statutory construction. See id. A statute is ambiguous only where it is open to two or more constructions, or where it is of such obscure or doubtful meaning that reasonable minds might disagree or be uncertain as to its meaning. See id. When a statute is clear, however, it is given its plain meaning, and this court will not search for legislative intent; rather, that intent must be gathered from the plain meaning of the language used. See id. This court is very hesitant to interpret a legislative act in a manner contrary to its express language, unless it *Page 3 
is clear that a drafting error or omission has circumvented legislative intent. See id.[2]
Section 26-79-104 is unambiguous in declaring that a city's portion of the county road tax "shall be expended exclusively . . . for the purpose of making and repairing the streets and bridges within the corporate limits of the town or city." Your questions taken together, however, reflect an assumption that some portion of the county road tax that would otherwise be apportioned to a city for use on city streets would go to the county and be used for county roads. I must conclude based upon the above principles of interpretation that this would be contrary to section 26-79-104. Nor, in my opinion, can a city agree by Interlocal Agreement to the use of its apportioned road funds for county roads. A city or cities and a county may enter in agreements for "joint cooperative action" pursuant to A.C.A. § 25-20-104, which is part of the Interlocal Cooperation Act. But the action must be one that each party can undertake independently:
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law. . . .[3]
I believe a city could agree to turn over a portion of its road tax funds to the county if the funds were to be used to improve city streets.[4] But because A.C.A. § 26-79-104 plainly states that a city must use the road tax for streets within the city, a city in my opinion lacks the necessary independent authority to arrange by Interlocal Agreement for the use of its share of the tax for county roads. *Page 4 
In my opinion, therefore, the answer to your first question is "no" with respect to an agreement that would provide for the use of a city's share of county road tax funds, or a portion thereof, to improve county roads. Your second question is moot in light of this response.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] A.C.A. § 26-79-104 (Repl. 2008) (emphasis added).
[2] McLane v. Southern, Inc. v. Arkansas Tobacco Control Board,2010 Ark. 498, 18, ___ S.W.3d ___ (2010).
[3] A.C.A. § 25-20-104(a) (Supp. 2009). Accord Op. Att'y Gen. 97-267 ("It is apparent that the agreements envisioned under the Interlocal Cooperation Act offer a vehicle for the joint exercise of the same `powers, privileges, or authority' which each public agency may exercise independently."). See also
A.C.A. § 14-14-910(a) (Repl. 1998) (part of the County Code, providing that "[t]he county court of each county may contract, cooperate, or join with any one (1) or more other governments or public agencies . . . to perform any administrative service, activity, or undertaking which any contracting party is authorized by law to perform.")
[4] As a general proposition, I believe a city might also in certain circumstances use funds other than the county road tax, such as city general funds, to improve county roads.
 *Page 1