SLIP OPINION

Cite as 2016 Ark. App. 160

# ARKANSAS COURT OF APPEALS

DIVISIONS I AND IV
**No.** CV-15-619

|  |  |
|---|---|
|  | **Opinion Delivered** MARCH 9, 2016 |
| SARAH C. GILDEHAUS <br> APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV-2014-1385-4] |
| V. |  |
|  | HONORABLE JOHN R. SCOTT, JUDGE |
| ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD AND CHRISTOPHER MOORE <br> APPELLEES | AFFIRMED |

## DAVID M. GLOVER, Judge

Sarah Gildehaus appeals from the order that dismissed her petition for judicial review of the Alcohol Beverage Control (ABC) Board's transfer of a retail liquor permit and that, alternatively, affirmed the Board's decision. She contends that the trial court erred in 1) dismissing her amended petition for lack of standing, 2) refusing to consider the entire record on appeal, and 3) allowing the issuance of a retail liquor permit despite numerous violations of the law. We affirm.

In its order dismissing Gildehaus's petition, the trial court set out the basic, and essentially undisputed, background facts. Michelle Jameson received conditional permit number 05132 for a retail liquor store to be located at 2800 West Hudson Road, Suite D, in Rogers, Arkansas. After reconsidering the potential financial burdens, Jameson contacted the ABC and asked about alternatives she might pursue. She learned about inactive status for a permit while she considered her future desires regarding the permit. She was told she

could submit an application for inactive status for her permit if she opened her business for one day, had a phone line and her business license, sold one bottle of liquor, and had an ABC agent come and approve her location. Jameson operated her business for one day and then applied with Christopher Moore to the ABC to transfer permit number 05132 from her to Moore. The ABC Director refused to approve the application on April 17, 2014. She appealed the transfer denial, and, following a hearing, the ABC Board unanimously reversed the Director and approved the transfer on September 17, 2014, (the "agency decision").

On October 13, 2014, Gildehaus filed an original petition with the circuit court, seeking judicial review and a stay of the agency decision. On December 18, 2014, she filed an amended petition. Paragraph three of her amended petition provides in pertinent part:

> Further, this location is within three (3) miles of Gildehaus' liquor store and is a competitor of Gildehaus. As a result, this has caused Gildehaus to suffer injury and is a basis for this litigation.

She offered no further testimony or evidence of injury at the hearing to expand upon paragraph three of her amended petition.

Gildehaus urged reversal of the agency decision based on the following summarized arguments: 1) Jameson did not have a valid permit to transfer to Moore because Jameson represented she had leased the property, when in fact she had only an option to lease the premises; no ABC agent ever inspected Jameson's store prior to opening, she just complied with the ABC agent's request that she send photos; Jameson had no sales-tax permit and did not remit taxes to DFC; she received $4,000 from Moore to pay for her option to lease the premises; and 2) Moore was not legally qualified to receive transfer of the permit because

he had some interest in two permits; he made knowing misstatements of material facts regarding ownership of the business location; and he provided remuneration to another retail liquor permittee.

In its April 15, 2015 order, the trial court dismissed Gildehaus's petition, concluding, sua sponte, she lacked standing under the Administrative Procedure Act. Relying upon *Arkansas Alcoholic Beverage Control v. Muncrief*, 74 Ark. App. 221, 45 S.W.3d 438 (2001), the trial court reasoned it was without jurisdiction to hear her petition because she had failed to set forth specifically how she sustained injury or why she was in immediate danger of sustaining injury. The order explained, alternatively, that even if Gildehaus had established standing for judicial review, there was substantial evidence to support the agency's decision to allow the transfer of the permit. A majority of our six-judge panel hearing this appeal affirms the trial court's dismissal based on Gildehaus's failure to establish sufficient injury to invoke judicial review. Accordingly, we find no basis for addressing the alternative ruling that affirms the agency's decision.

Ordinarily, an appeal from the circuit court regarding an agency decision requires our court to review the agency's decision, not the trial court's decision. *Arkansas State Highway & Trans. Dep't v. Ram Outdoor Advert.*, 2015 Ark. App. 713. Here, however, we review the trial court's decision for error because the controlling basis for its decision was to dismiss Gildehaus's petition for lack of jurisdiction because she failed to demonstrate specific, concrete, real, and immediate injury from the agency's action. The question of standing is a matter of law for this court to decide, and we review questions of law de novo. *Arkansas Beverage Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 256 S.W.3d 488 (2007).

Judicial review of an agency decision is governed by the Administrative Procedures Act. Arkansas Code Annotated section 25-15-212(a) (Repl. 2014) provides in pertinent part:

Administrative adjudication—Judicial review.

(a) In cases of adjudication, any person, . . . who considers himself or herself injured in his or her person, business, or property by final agency action shall be entitled to judicial review of the action under this subchapter. Nothing in this section shall be construed to limit other means of review provided by law.

Opinions from both our court and the supreme court have explained that, under this statute, only persons who have a personal stake in the outcome of a controversy have standing to invoke the jurisdiction of the circuit court in order to seek judicial review of agency action; that the injury must be concrete, specific, real, and immediate, rather than conjectural or hypothetical; and that the petitioner must demonstrate how he or she has already sustained or is immediately in danger of sustaining such injury as a consequence of the agency's action. *See, e.g., Arkansas Beverage Retailers Ass'n, Inc., supra*; *Arkansas Beverage Control v. Muncrief*, 74 Ark. App. 221, 45 S.W.3d 438 (2001); *Estes v. Walters*, 269 Ark. 891, 601 S.W.2d 252 (Ark. App. 1980).

Here, the only basis for injury asserted by Gildehaus was that Moore's proposed liquor store would be located within three (3) miles of Gildehaus's liquor store and would be a competitor of Gildehaus. This allegation of injury was not further developed at the hearing, and neither has it been further explained on appeal. The gist of Gildehaus's argument to us on this controlling issue is as follows: the trial court erred in dismissing her appeal for lack of standing because granting the permit to Moore violated several statutory

and regulatory requirements and directly impacted her own business by allowing an additional neighboring permittee that did not exist before the transfer and location change in favor of Moore. She is clear in her allegations that the Board ignored statutory and regulatory violations by Jameson and Moore and that she believes she has been harmed by the agency's decision to allow the transfer of the permit. However, our cases and those of the supreme court require more than mere assertions of injury—to be entitled to judicial review of an agency decision pursuant to Arkansas Code Annotated section 25-15-212(a), a petitioner must demonstrate injury that is concrete, specific, real, and immediate, rather than conjectural or hypothetical; and the petitioner must also demonstrate how he or she has already sustained or is immediately in danger of sustaining such injury as a consequence of the agency's action. *See, e.g.*, *Arkansas Beverage Retailers Ass'n., Inc.*, *supra*; *Arkansas Beverage Control v. Muncrief*, *supra*; *Estes*, *supra*.

The "keys to the courthouse" lie in Arkansas Code Annotated section 25-15-212(a). If a petitioner satisfies the injury requirement of this statute, then he or she qualifies for judicial review of agency action. If a petitioner does not demonstrate specific, concrete, real, and immediate injury from the agency's action, then he or she is not entitled to judicial review of agency action. We find no error with the trial court's determination that Gildehaus's assertions of injury are not sufficient to invoke the trial court's jurisdiction to review the agency decision pursuant to Arkansas Code Annotated section 25-15-212(a). Moreover, though we are concerned with the sua sponte nature of the trial court's dismissal, Gildehaus does not challenge the trial court's decision on that basis; consequently, we do not address it.

Affirmed.

KINARD, GRUBER, WHITEAKER, JJ., agree.

HOOFMAN, J., concurs.

VIRDEN, J., dissents.

**CLIFF HOOFMAN, Judge, concurring.**  While I agree with the majority's decision to affirm, I would do so based on the circuit court's alternative finding that substantial evidence supports the Alcohol Beverage Control (ABC) Board's decision to approve the transfer of the retail liquor permit to appellee Christopher Moore.  Thus, I must respectfully concur.

In appellant Sarah Gildehaus's first point on appeal, she argues that the circuit court erred in dismissing her amended petition due to a lack of standing.  I agree and would not affirm on this basis.  In her petition, Gildehaus alleged that she was injured by the Board's decision to approve the transfer of the retail liquor permit to Moore because the proposed location for the permit was within three miles of Gildehaus's liquor store and would compete with her store.  She further alleged that the Board's decision should be reversed because granting the permit to Moore violated various statutory and regulatory requirements.  In his answer, Moore did not challenge Gildehaus's standing; in fact, he implicitly agreed that Gildehaus had standing by noting that the permit for her store was being judicially reviewed and that he reserved the right to raise the issue at a later date if she were to be denied the permit and "lose standing."  Nor did Moore file a motion to dismiss the petition or raise the issue of standing at the hearing before the circuit court.  Instead, the circuit court raised the issue sua sponte in its order, finding that it "had no jurisdiction

to hear the petition" because Gildehaus had failed to sufficiently plead standing. Our supreme court has explained that standing is not akin to subject–matter jurisdiction and that it is a defense that can be waived by the parties. *Chubb Lloyds Ins. Co. v. Miller Cty. Cir. Ct.*, 2010 Ark. 119, 361 S.W.3d 809. The circuit court therefore erred by raising the issue sua sponte. Moore admits as much in his brief on appeal but argues that Gildehaus cannot demonstrate prejudice from the circuit court's finding that she lacked standing because the court also went on to discuss the evidence supporting the Board's decision and ultimately affirmed that decision. I agree with Moore, and I would instead affirm the circuit court based on its alternative finding, as will be discussed below.

In her second and third points on appeal, Gildehaus makes two separate arguments concerning the circuit court's decision to affirm the Board: she contends that the circuit court erred by refusing to consider the entire record, and she argues that the circuit court erred in allowing the issuance of the retail liquor permit to Moore despite numerous violations of the law. On appeal to this court, our review is directed toward the decision of the administrative agency, rather than the decision of the circuit court. *Dep't of Health & Human Servs. v. R.C.*, 368 Ark. 660, 249 S.W.3d 797 (2007). A circuit court or appellate court may reverse the agency decision if it concludes that the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error or law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion. *Id.*; Ark. Code Ann. § 25-15-212(h) (Repl. 2014).

On appeal, the challenging party has the burden of proving an absence of substantial evidence and must demonstrate that the proof before the administrative agency was so nearly undisputed that fair-minded persons could not reach its conclusion. *Dep't of Health & Human Servs.*, *supra*. The question is not whether the evidence before the agency would have supported a contrary finding, but rather whether it supports the finding that was made. *Id.* Considerable deference is accorded the decision of the administrative agency in part because these agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts to determine and analyze legal issues affecting their agencies. *Id.*

Gildehaus's argument that the circuit court erred by not considering the entire record is premised on the circuit court's rulings at the hearing that prevented her from discussing Michelle Jameson's failure to obtain a sales-tax permit prior to opening her liquor store for one day. Gildehaus contends that the circuit court abused its discretion in not allowing this evidence where it was raised and considered before the Board and where appellees also "opened the door" to its admission. However, as noted above, our review on appeal in these cases is limited and is directed only toward the administrative agency's decision, not that of the circuit court. *Dep't of Health & Human Servs.*, *supra*. Thus, there is no need to address the merits of this particular argument, which asserts error by the circuit court.

Gildehaus's final argument on appeal is that the circuit court erred in affirming the Board's issuance of the permit to Moore despite numerous violations of the law. Specifically, Gildehaus asserts that Jameson failed to comply with applicable statutes and regulations by not obtaining and displaying a sales-tax permit when she opened her store on

December 11, 2013, and by not remitting sales tax for that day. Gildehaus also argues that Jameson received $4,000 from Moore, another liquor permit holder, to lease the space for her liquor store in violation of Arkansas Code Annotated section 3-4-301(a)(9) (Supp. 2015). Based on these violations, Gildehaus contends that Jameson's permit should have been revoked instead of being placed on inactive status and transferred to Moore.

With regard to Jameson's failure to pay sales tax, the Board found that this was an issue for the Department of Finance and Administration and that Jameson had complied with its regulations for obtaining inactive status, which required that she be "open for business and prepared to sell or dispense alcoholic beverages for at least one full eight hour day." *See* DFA Title 1, subtitle C, Permit Procedure Section 1.27.1. I agree with the Board's finding. While a failure to pay sales tax can be grounds for revocation of a permit, this issue was not necessarily relevant to whether Jameson had satisfied the ABC regulations for obtaining an inactive permit.

The Board also found that the $4,000 that Jameson had received from Moore was merely a loan and did not violate Arkansas Code Annotated section 3-4-301(a)(9), which states that a permit must be revoked if the permittee receives renumeration from any other retail liquor permittee. There was substantial evidence to support this finding based on the evidence presented to the Board. Further, as with the sales-tax issue, this alleged violation may be grounds for revocation of a permit, but it does not necessarily prevent Jameson from obtaining inactive status in the absence of a revocation. As appellees assert, Gildehaus did not attempt to have Jameson's permit revoked, nor did she timely challenge the Board's decision to grant Jameson inactive status. Thus, the issue before the Board at the hearing in

this case was focused solely on whether Moore should be allowed to receive a transfer of Jameson's permit. Under these circumstances, the Board did not err in concluding that the issues raised by Gildehaus with respect to Jameson did not prevent the issuance of the transfer permit to Moore.

Gildehaus's remaining arguments relate to alleged violations of law by Moore in obtaining his transferred permit. She contends that he knowingly provided false statements to the Board in his transfer application by representing that he owned the proposed premises when he did not; that he provided funds to Jameson, as was discussed above; and that he held an interest in two retail liquor permits at the same time.

The Board addressed each of these arguments in its decision. With regard to Moore's false statement in his transfer application, Moore admitted at the hearing that he had misspoken when he indicated that he owned the premises. He explained that it was his original intention to own the property but that his wife and father-in-law instead formed an LLC to purchase the premises for financial reasons. The Board accepted this explanation and found that Moore did not intend to be deceitful. It is the prerogative of the agency to believe or disbelieve any witness and to decide what weight to accord the evidence. *C.C.B. v. Ark. Dep't of Health & Human Servs.*, 368 Ark. 540, 247 S.W.3d 870 (2007).

Gildehaus's argument related to the $4,000 received by Jameson is also without merit. Moore testified at the Board hearing that he never received any direct or indirect benefit from Jameson pursuant to her retail liquor permit. As discussed above, the Board found that this money was merely a loan and did not constitute renumeration in violation of Arkansas Code Annotated section 3-4-301(a)(8). We give an administrative agency great

deference when it comes to interpreting a statute or regulation that it is charged with administering, and we will not overturn such an interpretation unless it is clearly wrong. *Seiz v. Ark. State Hwy. & Transp. Dep't*, 2009 Ark. 361, 324 S.W.3d 336. I cannot say that the Board clearly erred in its interpretation of this statute.

With regard to Gildehaus's final contention, the Board found that Moore never held an interest in two retail liquor permits at the same time because he agreed to relinquish permit number 05013 when the Board approved his transfer request for permit number 05132. The Board further noted that Moore's first permit was only conditional and that he never operated a retail liquor store under this permit. Thus, this case can be distinguished from *Hewitt v. Gage*, 257 Ark. 579, 519 S.W.2d 749 (1975), which is cited by Gildehaus, as Hewitt operated seven retail liquor outlets at the same time that he was requesting a transfer of a permit to a different location. Accordingly, because substantial evidence supports the Board's decision to approve the transfer of permit number 05132, I concur with the majority's affirmance of this case.

**BART F. VIRDEN, Judge, dissenting.** I respectfully dissent from the majority decision to affirm the circuit court's sua sponte raising of the issue of Gildehaus's standing to challenge the transfer of the retail liquor permit from Jameson to Moore.

In its order, the circuit court cited *Estes v. Walters*, 269 Ark. 891, at 894, 601 S.W.2d 252, 254, in which this court affirmed the circuit court's decision to uphold the ABC determination that the appellant did not have standing to challenge the granting of a new permit (though on different grounds than were originally found by the ABC). In *Estes*, the ABC granted a new permit to Carmel Jones, and it dismissed Estes's petition challenging

the new permit based on his lack of standing. Both the appeal to the circuit court and to the appellate court were based on the ABC's findings concerning standing. The difference between *Estes* and the present case is that in *Estes*, standing was raised below at the administrative agency hearing, and the issue was not raised sua sponte by the circuit court, as in our present case. Thus, I would not affirm based on my belief that *Estes* is inapposite to the facts of the present case.

Along with *Estes*, this court cites *Arkansas Alcoholic Beverage Control v. Muncrief*, 74 Ark. App. 221, 45 S.W.3d 438 (2001), in support of its holding that Gildehaus did not have standing. In *Muncrief*, the ABC granted a new permit to Pearcy Grocery. Muncrief had opposed the permit at the ABC hearing and then filed an appeal with the circuit court. Pearcy Grocery moved to dismiss, alleging that Muncrief did not have standing to petition for judicial review. *Id.* at 224–25, 45 S.W.3d at 441. Our court held that Muncrief did not have standing because she failed to set out in her petition for judicial review in circuit court specific allegations as to how she had sustained or was in immediate danger of sustaining injury; thus, her petition was insufficient to invoke the court's jurisdiction under the Administrative Procedures Act, and the circuit court erred in finding that she had standing. We reversed and dismissed.

The difference between the present case and *Muncrief* is that the issue of standing was raised by the parties to the action and not sua sponte by the circuit court. Furthermore, our court has held that "[w]hen the issue of standing is not properly developed below, we do not address it on appeal." *Harrill & Sutter, PLLC v. Farrar*, 2012 Ark. 180, at 6, 402 S.W.3d 511, 514–15; *See, e.g., Ark. Game & Fish Comm'n v. Murders*, 327 Ark. 426, 938 S.W.2d

854 (1997)( "The issue of whether appellees, who are all hunters, have standing to assert the rights of non-hunters, was not raised at the trial court level. Consequently, we do not discuss this issue on appeal, as lack of standing does not deprive a court of jurisdiction").

Our supreme court held in *Chubb Lloyds Ins. Co. v. Miller Conty Circuit Court, Third Division*, 2010 Ark. 119, at 5, 361 S.W.3d 809, 812, that standing could be waived because it is not akin to subject-matter jurisdiction: "If the issue were one of jurisdiction of the subject matter, we would address it despite the fact that it was not raised before the trial court. As it is not such an issue, we decline to address it for the first time on appeal." In *Chubb*, our supreme court clarified that "[u]nder Arkansas law, standing . . . is a defense to be asserted and an issue that may be addressed upon appeal." *Id*. at 11, 361 S.W.3d at 815.

Moore never raised the issue of standing to the ABC. Neither Moore nor the ABC raised the issue of standing to the circuit court. In none of our caselaw concerning the review of an administrative agency's decision has the circuit court raised the issue of standing on its own. The circuit court and the court of appeals are both held to the same standard when reviewing the decision of an administrative agency; "Review of administrative agency decisions, by both the circuit court and the appellate courts, is limited in scope. The standard of review to be used by both courts is whether there is substantial evidence to support the agency's findings." *Ark. State Hwy & Transp. Dep't. v. Ram Outdoor Advert.,* 2015 Ark. App. 713, at 7, ___ S.W.3d____. If the ABC did not have an issue with Gildehaus's standing, and if Moore did not raise the issue to the ABC, I cannot see how it was appropriate for the circuit court to raise the issue on its own.

Furthermore, on reaching the issue of standing, I assert that Gildehaus sufficiently plead her injury to show "concrete, specific, real, and immediate injury" as required in *Arkansas Beverage Retailers Association*, at 507–8.

Gildehaus named Moore as a competitor who intended to set up shop within three miles of her business. Granted, the appellees in *Arkansas Beverage Retailers Association v. Moore*, 369 Ark. 498, 256 S.W.3d 488 (2007) pled more than just that financial harm would occur if the petition was granted. However, in that case, we specifically pointed out that pleading financial harm could be sufficient to show standing. *Id*. at 508. ("[T]he circuit court erred in its decision that financial impact could not support standing[.]") She certainly could not have plead damages in that Moore had not yet begun operations. If a competitor's store three miles away would not have standing, it is difficult for me to imagine who would.

In conclusion, I want to reiterate that the ABC did not consider Gildehaus's pleading of her standing to challenge the permit insufficient. For the circuit court to overturn the ABC's decision to allow Gildehaus to challenge the permit violates the standard of review that directs both the circuit court and the appellate court to give great deference to the administrative board's decision. Furthermore, I would hold that Gildehaus plead sufficient injury to achieve standing.

I respectfully dissent.

*Lyons & Cone, P.L.C.*, by: *Jim Lyons*, for appellant.

*Mary Robin Casteel*, for appellee Arkansas Alcoholic Beverage Control Administration.

*Reece Moore Pendergraft, LLP*, by: *Timothy C. Hutchinson*, for appellee Christopher Moore.