Cite as 2026 Ark. App. 170

# ARKANSAS COURT OF APPEALS
## DIVISION 1
### No. CV-25-140

| | |
|---|---|
| | Opinion Delivered March 11, 2026 |
| DRAGAN VICENTIC, LICENSEE, D/B/A GREEN SPRINGS MEDICAL, LLC | |
| | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-24-702] |
| APPELLANT | |
| V. | HONORABLE, KARA A. PETRO, JUDGE |
| ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD | AFFIRMED |
| APPELLEE | |

**CASEY R. TUCKER, Judge**

Dragan Vicentic, licensee, d/b/a Green Springs Medical LLC (GSM), appeals the Garland County Circuit Court's order affirming the Arkansas Alcoholic Beverage Control Board's (the Board's) decision revoking GSM's dispensary license. For its points on appeal, GSM asserts that the revocation of its license was not supported by substantial evidence and that the Board's revocation was based on unlawful procedure. We affirm.

I. *Whether the Revocation Is Supported by Sufficient Evidence*

GSM is under the misguided impression that the Board was required to find that GSM was endangering cannabis patients in order to revoke its license. Pursuant to the rules for the medical marijuana industry in Arkansas, GSM is incorrect. The Board cited and

applied the pertinent rules to the overwhelming evidence, thereby supporting its decision in this case.

Pursuant to the Arkansas Medical Marijuana Amendment of 2016, the Medical Marijuana Commission is charged with licensing and regulating the licensing of dispensaries and cultivation facilities. Ark. Const. amend. 98, § 8 (a)(1)–(2). The Alcoholic Beverage Control Division (the ABC) is responsible for administering and enforcing the provisions of amendment 98 as they apply to dispensaries and cultivation facilities. *Id.* § 8(3). The ABC is charged with adopting rules necessary to carry out the purposes of amendment 98 and to perform its duties. *Id.* § 8(b)(1). Rules adopted under section 8 are rules as defined in the Arkansas Administrative Procedure Act (APA). *Id.* § 8(b)(2). The ABC has the duty to adopt rules governing, in pertinent part:

(1) Oversight requirements for dispensaries and cultivation facilities;

(2) Recordkeeping requirements for dispensaries and cultivation facilities;

. . . .

(5) The manufacture, processing, packaging, labeling, and dispensing of usable marijuana to qualifying patients and designated caregivers, including without limitation:

. . . .

(6) Procedures for suspending or terminating the licenses of dispensaries and cultivation facilities that violate the provisions of this amendment or the rules adopted under this amendment, procedures for appealing penalties, and a schedule of penalties;

(7) Procedures for inspections and investigations of dispensaries and cultivation facilities;

(8) Advertising restrictions for dispensaries and cultivation facilities, including without limitation the advertising, marketing, packaging, and promotion of dispensaries and cultivation facilities with the purpose to avoid making the product of a dispensary or a cultivation facility appealing to children, including without limitation:

(A) Artwork;

. . . .

(F) Other forms of marketing related to medical marijuana;

(9) Procedures for the disposal or other use of marijuana not dispensed to a qualifying patient; and

(10) Any other matters necessary to the division's fair, impartial, stringent, and comprehensive administration of its duties under this amendment.

Ark. Const. amend. 98, § 8(3). GSM was a medical marijuana dispensary in Hot Springs, Arkansas, prior to the revocation of its license. As such, GSM was subject to the ABC's oversight. *Id.* § 8.

Pursuant to its rules and regulations, the ABC conducts inspections on dispensaries at a minimum of one every six months. Rules Governing the Oversight of Marijuana Cultivation Processors, Facilities, and Dispensaries, 006.02.7 Ark. Admin. Code R. 4.3 (Westlaw current through July 15, 2025) (20 CAR § 810-203(a) (2026));[1] *see also* Ark. Const. amend. 98, § 10(a) (dispensaries are highly regulated by the State and are subject to reasonable inspection by the ABC). Drawing on testimony and evidence presented at the

---

[1]Code of Arkansas Rules, https://codeofarrules.arkansas.gov/ (Title 20, Chapter (XXI) (archived at https://perma.cc/28TJ-729H).

hearing before the Board, when investigators with the ABC prepare to conduct an inspection of a licensed location, they pull the state inventory report for that particular dispensary.[2] They then select thirty items for review from the inventory. When the inspectors arrive at the dispensary, they give a copy of the list of thirty items to the employees. They pull the items to check against the inventory report, and the inspectors prepare a report of their findings.

During such an inspection of GSM on March 29, 2023, the ABC inspection agents discovered multiple discrepancies between the inventory report and the actual inventory as well as other violations of ABC rules for dispensaries. The report included 30.47 grams of a missing marijuana-flower lot, 20.28 extra grams of another flower lot, and yet another flower lot was missing 33.16 grams. GSM could not locate approximately thirty-five prepacked marijuana items. This is just an example of the multiple discrepancies. The ABC inspector also concluded during the March 2023 inspection that GSM did not conduct the required biannual inventory of all useable marijuana within its facility as required by Rule 12.1 (CAR § 810-1002). The inspector found GSM's processing area to be littered with debris and contaminates and gave GSM a warning for this unsanitary condition of a medical-processing area.

---

[2]The State maintains an electronic inventory tracking system, ARstems, which tracks marijuana through the medical marijuana system in Arkansas. Dispensaries' software must integrate with ARstems.

The ABC conducted its second biannual inspection in August 2023 and again found that GSM was in violation of many rules. Again, there were significant discrepancies between the ABC's inventory report and GSM's actual inventory. GSM also had failed to heed the warning about its processing area. ABC produced photos of the processing area showing clutter and debris in what was required to be a sanitary medical-processing area as mandated by Rule 10.6 (CAR § 810-905). In the lobby of the dispensary, a burlap sack depicting an individual smoking marijuana was hanging on the wall, and in the customer service area the wall décor included a framed, hand-drawn picture of an alien smoking marijuana. These displays constituted a violation of the rules in that they depicted consumption of marijuana. *See* Rule 19.1(b)(4) (20 CAR 810-1701(b)(4)).

According to testimony adduced at the hearing, the ABC agent gave GSM a list of its products whose quality-assurance-testing dates had expired. Agent Haley Allen, who is a senior auditor, testified that, in accordance with the Arkansas Department of Health rules, products not sold within one year of testing must be retested before they can be sold. Agent Allen gave GSM a list of the products that were expired. The list of expired products had at least two pages that stated, "Per the Arkansas Department of Health Rules for Usable Marijuana. Test results expire after one year. Items on this list exceed the one year test date and should not be sold." Below this statement was a signature line, which Vicentic had signed and dated. Yet an undercover agent bought a product with an expired testing date in October 2023. Another agent bought a product with no testing data on its label. In fact, Agent Allen identified 1,882 sales of products with expired test dates.

5

The Board concluded that GSM violated Rule 23.5(d) (CAR § 810-2105(4)) by failing to record and report required information for all transactions for the dispensing of usable marijuana, and (f) (CAR § 810-2105(6)) by failing to properly utilize the inventory tracking system. These violations constitute bases upon which the Board may revoke a dispensary license. *See* Rule 23.5 (CAR § 810-2105). The Board also found that GSM failed to conduct a biannual comprehensive inventory in violation of Rule 12.1 (CAR § 810-1002). The unsanitary condition of the processing area constituted a violation of Rule 10.6 (CAR § 810-905), which provides general sanitation requirements for dispensaries. The Board found a violation of Rule 15.1(b)(iii) (CAR § 810-1301(b)), which requires that medical marijuana containers be labeled in accordance with the standards established by the Arkansas Department of Health, a violation which, pursuant to Rule 23.5(h) (CAR § 810-2105 (8)) constitutes a basis upon which a dispensary license may be revoked. The Board found that GSM sold over 1,800 cannabis products with expired quality-assurance test dates in spite of being directed by ABC agents not to do so, which constitutes a violation of Rule 23.2(l) ( CAR § 810-2102(12)) (failure to comply with a rule promulgated by the Arkansas Department of Health regarding medical marijuana), which is a basis for the revocation of a dispensary license.

An appeal from the Board's decision is governed by the APA. Ark. Code Ann. § 3-4-213 (Repl. 2017); *Ark. Bev. Retailers Ass'n, Inc. v. Moore*, 369 Ark. 498, 256 S.W.3d 488 (2007). This court's review of a decision under the APA is directed toward the decision of the agency, not the circuit court, because the agency is better equipped by its "specialization,

6

experience, and more flexible procedures to determine and analyze legal issues affecting [it]." *Baldwin v. Ark. Dep't of Transp.*, 2025 Ark. App. 114, at 5, 708 S.W.3d 793, 800. Our review is limited to ascertaining whether substantial evidence supports the agency's decision and whether the agency's decision runs afoul of the APA. *Id.* The pertinent question before us is "whether there is relevant evidence that a reasonable mind might accept as adequate to support the agency's conclusion. The issue is not whether the appellate court would have made a different decision but whether reasonable minds could conclude as the agency did." *Id.* at 6; 708 S.W.3d at 800. We will uphold an administrative decision if it is supported by substantial evidence and is not arbitrary, capricious, or characterized by an abuse of discretion. *Id.* This court in *Baldwin* further explained:

> The requirement that the agency's decision not be arbitrary or capricious is less demanding than the substantial-evidence requirement. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 187, 258 S.W.3d 367, 372 (2007). To be invalid as arbitrary or capricious, an agency's decision must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Where the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Id.* This court will not overturn an administrative agency's interpretation of its own regulation unless it is clearly wrong. *Nash* [*v. Ark. Elevator Safety Bd.*, 370 Ark. 345, 351, 259 S.W.3d 421, 425 (2007)].

2025 Ark. App. 114, at 7, 708 S.W.3d at 800–01.

The ABC may revoke a dispensary on the basis of many grounds: failure to maintain required records, failure to comply with advertising and marketing restrictions, failure to properly package and secure medical marijuana, failure to utilize the Inventory Control Tracking System for reporting and inventory control, failure to properly label and package

7

marijuana and marijuana products, and failure to record and report required information for all transactions for the dispensing of marijuana, to name a few. *See* Rules 23.2 & 23.5 (CAR § 810-2102 & § 810-2105). Indeed, pursuant to Rule 23.2 (CAR § 810-21.2), the ABC may revoke a dispensary license for failure to comply with any rule promulgated by the Arkansas Medical Marijuana Commission, any rule promulgated by the Department of Health, or any state law related to medical marijuana.

Having considered the evidence presented at the hearing, we find that reasonable minds could conclude as the Board did that GSM committed multiple violations that constitute grounds for revocation. Thus, the agency's decision is not arbitrary and capricious but rather is supported by substantial evidence.

II. *Whether the Revocation Was Based on Lawful Procedure*

GSM asserts that it was punished for requesting a hearing rather than accepting an offer of settlement; the rules do not provide for an increase in punishment over what was in the offer, and GSM was not given notice that its punishment could be increased, especially in any form other than a fine. We disagree.

The procedure for levying monetary penalties and for suspending or revoking licenses is found in section 24 of the Rules (CAR § 810, subpart 22) . In this case, the ABC issued an offer of settlement to GSM on January 29, 2024. The offer set forth the violations the ABC Enforcement Division had found with the applicable rule numbers and offered to settle the matter for a total fine of $28,100, all of which is in keeping with Rule 24.1 (CAR § 810-2201). The offer of settlement informed GSM that it had the right to a hearing before the

8

director. The offer also warned: "If a hearing is held, the Director may dismiss the charge, or reduce, *increase*, or adopt the offer made by the Agency." (Emphasis added.) GSM chose to request a hearing. On March 7, the ABC sent GSM a notice of hearing; an amended notice of hearing followed on April 3. The notices set forth the charges, which included newly discovered violations that were in addition to those included in the offer of settlement, and explained: "The hearing will be held in the [location] and will be *for the purpose of determining whether your license should be continued, suspended, fined, or revoked*." (Emphasis added.) The notice was in keeping with Rule 24.3 (CAR § 810-2203), which requires a statement of the time, place and nature of the hearing, the legal authority and jurisdiction under which the hearing is to be held, a statement of the matter of fact and law at issue, and a statement advising the recipient that the license may be suspended or revoked.

The hearing, at which GSM owner Dragan Vicentic appeared pro se, was held on April 18, 2024. Following the hearing, the director revoked GSM's license. In the order, the director set forth the charges, stated findings of fact, and made conclusions of law before setting forth the decision to revoke, as is mandated by Rule 24.5 (CAR § 810-2205). GSM appealed this decision to the Board pursuant to Rule 24.6 (CAR § 810-2206). The Board held its hearing on the matter on June 12, 2024. Following the hearing, the Board ordered the revocation of GSM's license. The order set forth the procedural history and the violations, made findings of fact and conclusions of law, and concluded that fines or suspension were inadequate to remedy GSM's ongoing violations, all in keeping with Rule 24.8 (CAR § 810-2208).

In sum, there is no evidence that GSM was punished for not accepting the proposed fine of $28,100; the rules *do* provide for an increase in punishment above that proposed in the offer of settlement, and the ABC *did* provide notice that the punishment could be increased up to and including license revocation. Section 24 the Rules (CAR § 810, subpart 22) sets forth the procedure for levying monetary penalties and for suspending and revoking licenses. The procedure to which the Board adhered in this case followed those rules, including that the notice of the hearing contained a statement that the license may be suspended or revoked. In its brief, GSM admittedly relies on cases that involve agencies failing to follow their own rules. Since the present case does not involve the ABC violating its rules and procedures, we are not persuaded by these cases.

We affirm.

KLAPPENBACH, C.J., and HIXSON, J., agree.

*Hurst Law Group*, by: *Q. Byrum Hurst* and *Justin B. Hurst*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Doralee Chandler*, Deputy Att'y Gen., and *Sarah DeBusk-Griffith*, Ass't Att'y Gen., for appellee.