MEMORANDUM **
Brian Carr appeals pro se from the district court’s summary judgment for defendants in his action alleging violations of state and federal law arising from state court domestic violence proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir.2003) (Rooker-Feldman doctrine); Alaska Right to Life Political Action Comm. v. Feldman, 504 F.3d 840, 848 (9th Cir.2007) (ripeness and standing). We affirm in part, vacate in part, and remand.
The district court properly determined that it lacked subject matter jurisdiction under the Rooker-Feldman doctrine to hear Carr’s claims that prior state court rulings are invalid and void because these claims constitute a “forbidden de facto appeal” of those state court decisions. Noel, 341 F.3d. at 1158.
The district court properly determined that Carr’s challenge to Washington State laws concerning the eligibility requirements for judicial candidates is not ripe for review because the record lacks any indication that Carr, a non-attorney, attempted to run for judicial office in the State of Washington. Nee Feldman, 504 F.3d at 849-50. Moreover, Carr’s claims lack merit because these eligibility laws are constitutional. See O’Connor v. Nevada, 27 F.3d 357, 362 (9th Cir.1994); Andress v. Reed, 880 F.2d 239, 242 (9th Cir. 1989).
The district court properly determined that Carr lacked standing to challenge the Commission on Judicial Conduct’s alleged failure to consider his complaints against judges and justices of the State of Washington because “a private citizen lacks a judicially cognizable interest in the prosecution or nonprose-cution of another.” Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).
We vacate the district court’s judgment and remand with instructions to dismiss the action without prejudice to raising the claims in the proper forum.
The parties shall bear their own costs on appeal.
AFFIRMED in part; VACATED in part; and REMANDED WITH INSTRUCTIONS.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.