Courtney Hudson Goodson, Justice, concurring in part and dissenting in part. I concur with the majority’s decision to dismiss appellant Samuel A. Perroni’s 17claim for injunctive relief and for a writ of mandamus directing the Arkansas Judicial Discipline and Disability Commission (“Commission”) to investigate his complaints against Circuit Judge Timothy Fox. Indeed, the circuit court lacked subject-matter jurisdiction over this particular claim because amendment 66 to the Arkansas Constitution, Arkansas Code Annotated sections 16-10-401 through 16-10-411 (Repl. 2010 & Supp. 2015), and the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission provide that an appeal from the Commission’s decision lies solely with this court. I disagree, however, with the majority’s dismissal of Perroni’s declaratory-judgment claim. In his second amended complaint, Perroni requested a declaration that Arkansas Code Annotated section 16-10-405, which permits this court to adopt rules regarding Commission matters and proceedings, amounts to an unconstitutional delegation of authority. In addition, Per-roni sought to have the circuit court declare that the provisions of Rule 8 of the Commission’s Rules of Procedure violated amendment 66 to the Arkansas Constitution. Arkansas Code Annotated section 16-111-101 (Repl. 2016) states that “[cjourts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed.” Furthermore, “[cjircuit courts have original jurisdiction of all jus-ticiable matters not otherwise assigned pursuant to the Arkansas Constitution.” Ark. Code Ann. § 16-13-201 (Repl. 2010). As noted above, jurisdiction to review the Commission’s decision lies exclusively with this court, not with the circuit court, pursuant to amendment 66. However, Perro-ni’s claim for declaratory judgment was not an attempt to seek review of the Commission’s decision with |srespect to the complaints he had filed. Rather, it was a request for the circuit court to declare certain statutes and rules unconstitutional, a matter which the circuit court had the power to decide given that jurisdiction had not been otherwise assigned by our constitution. Thus, I would not dismiss Perroni’s declaratory-judgment claim based on a lack of jurisdiction, and I dissent from this portion of the majority’s opinion. Instead, I would affirm based on the circuit court’s alternative ruling that Per-roni did not have standing to challenge the constitutionality of Arkansas Code Annotated section 16-10-405 and the Commission’s Rules of Procedure under the circumstances in this case. The question of standing is a matter of law for this court to decide, and this court reviews questions of law de novo. McLane S., Inc. v. Ark. Tobacco Control Bd., 2010 Ark. 498, 375 S.W.3d 628. Only a claimant who has a personal stake in the outcome of a controversy has standing. Chubb Lloyds Ins. Co. v. Miller Cnty. Circuit Court, 2010 Ark. 119, 361 S.W.3d 809; Pulaski Cnty. v. Ark. Democrat-Gazette, Inc., 371 Ark. 217, 264 S.W.3d 465 (2007). The Arkansas Declaratory Judgment Act authorizes a person “whose rights, status, or other legal relations are affected by a statute” to “obtain a declaration of rights, status, or other legal relations thereunder.” Ark. Code Ann. § 16-111-104. In Andres v. First Arkansas Development Finance Corp., 230 Ark. 594, 606, 324 S.W.2d 97, 104 (1959), this court stated, “Our declaratory judgment act .,. was not intended to allow any question to be presented by any person: the matters must be justiciable.” We have further stated that in order to obtain declaratory relief, the precedent facts or conditions generally held to be required include (1) a justiciable controversy; that is to say, a controversy Inin which a claim of right is asserted against one who has an interest in contesting it; (2) the controversy must be between persons whose interests are adverse; (3) the party seeking declaratory relief must have a legal interest in the controversy; in other words, a legally protectable interest; and (4) the issue involved in the controversy must be ripe for judicial determination. Cancun Cyber Café & Bus. Ctr., Inc. v. City of N. Little Rock, 2012 Ark. 154, 2012 WL 1223791. All four of these requirements must be met in order to have standing to seek declaratory relief. Id. Here, it is clear that Perroni was not entitled to declaratory relief in this action against the Commission. Although he has asserted claims against a judge before the Commission, he has no interest in the resolution of the claim, and he has no right to compel the Commission to do anything beyond receiving his complaint. Also, he and the Commission do not have adverse interests. Even though Perroni opposes the Commission’s resolution of his complaints, he and the Commission’s interests are the same, which is to remedy judicial misconduct. The Ninth Circuit Court of Appeals has held that a district court properly determined that the plaintiff lacked standing to challenge the Commission on Judicial Conduct’s alleged failure to consider his complaints against judges and justices of the State of Washington because “a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.” Carr v. Reed, 316 Fed.Appx. 588, 589 (9th Cir. 2009) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). Accordingly, the circuit court did not err in concluding that Perroni lacks standing, and I would affirm its dismissal of his declaratory-judgment claim on this basis.